JOHN P. SACCONE vs. STATE ETHICS COMMISSION.

Suffolk.   April 3, 1985. — July 9, 1985.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Statute,* Construction.   *State Ethics Commission.   Conflict of Interest.*

General Laws c. 268B does not confer jurisdiction on the State Ethics Commission to impose civil penalties upon a State employee found by the commission to have violated G. L. c. 268A, § 23 (*d*), as appearing in St. 1975, c. 508, a provision prohibiting the use of his official position "to secure unwarranted privileges or exemptions for himself or others." [330-335]

CIVIL ACTION commenced in the Superior Court Department on August 19, 1982.

The case was heard by *George W. Cashman,* J., sitting under statutory authority.

The Supreme Judicial Court granted a request for direct appellate review.

*Thomas J. Driscoll* for the defendant.

*Robert H. Quinn (Gerard A. Zitoli* with him) for the plaintiff.

ABRAMS, J. The State Ethics Commission (commission) appeals from a judgment of the Superior Court revoking a final decision by the commission against the plaintiff, John P. Saccone. See G. L. c. 30A, § 14 (1984 ed.). The commission found that Saccone had violated § 23 (*d*) of G. L. c. 268A (1984 ed.), the conflict of interest law, on five separate occasions and assessed a civil penalty of $300 for each violation. The judge in the Superior Court determined that the commission lacked subject matter jurisdiction to enforce G. L. c. 268A, § 23. We granted the defendant's application for direct appellate review of the case. The commission argues that the judge erred in ruling that the commission does not possess statutory

power to enforce the provisions of G. L. c. 268A, § 23.[1] We affirm the judgment of the Superior Court.[2]

We summarize the agreed facts and procedural background. Saccone was at all relevant times employed by the Department of Public Safety as a senior civil engineer assigned to the life safety code inspection unit. His official duties included conducting periodic surveys of nursing homes to ensure compliance with the Federal life safety code and State physical environment standards (State and Federal standards). He then was required to file reports regarding the conditions existing in the surveyed nursing homes and detail any deficiencies in complying with the State and Federal standards.

In the spring of 1975, Saccone was assigned to survey the North River Nursing Home (nursing home). On five separate occasions between July, 1975,[3] and December, 1978, he surveyed the nursing home and filed reports stating that it had complied with several of the State and Federal standards. The commission later found that material violations of those standards existed. On two occasions during this period, Saccone accompanied Edmund W. DelPrete, president of North River Nursing Home, Inc., the corporation which owned and operated the nursing home, on trips to Italy and Brazil sponsored by the Ancient and Honorable Artillery Company (company), of which DelPrete was a member. Travel space on these trips was

---

[1] The judge based his decision on a report issued by the special master assigned to the case by the Superior Court. The report recommended that because the commission had no subject matter jurisdiction over enforcement of G. L. c. 268A, § 23 (d), the judge should enter judgment for Saccone.

[2] The commission also asks us to rule on the contentions that the three-year tort statute of limitations applies to actions based on violations of G. L. c. 268A, and that the commission's proceedings against Saccone were commenced prior to the expiration of the applicable statute of limitations because Saccone's actions constituted fraudulent concealment and tolled the limitations period. Because we conclude that the commission lacks jurisdiction to enforce G. L. c. 268A, § 23, we do not address this issue.

[3] In May, 1975, Saccone recommended that the Department of Public Health grant Edmund W. DelPrete, president of North River Nursing Home, Inc., the waiver of violations of a State standard cited in an earlier survey report by another inspector.

limited to company members and their guests. The commission found that DelPrete paid in whole or in part for Saccone's participation in the trip to Brazil. It also found unpersuasive certain evidence introduced at the proceedings of a prior friendship between Saccone and DelPrete.

On October 1, 1980, the commission issued an order to show cause naming Saccone as a respondent. On June 1, 1982, after an adjudicatory hearing, the commission issued a decision and an order finding that Saccone had violated G. L. c. 268A, § 23 (d),[4] which prohibited an officer or employee of a State, county, or municipal agency from using or attempting to "use his official position to secure unwarranted privileges or exemptions for himself or others," on five separate occasions and assessed five $300 penalties on that basis.

The Legislature created the State Ethics Commission in 1978 by inserting c. 268B into the General Laws. St. 1978, c. 210, § 20. The question before us is whether the Legislature, through the enabling legislation, G. L. c. 268B (1984 ed.), authorized the commission to enforce G. L. c. 268A, § 23, the section which the commission found Saccone had violated.

"Our task is to interpret the statute according to the intent of the Legislature, as evidenced by the language used, and considering the purposes and remedies intended to be advanced." *Cardin* v. *Royal Ins. Co. of Am.,* 394 Mass. 450, 454 (1985), quoting *Glasser* v. *Director of the Div. of Employment Sec.,* 393 Mass. 574, 577 (1984). In G. L. c. 268B, § 3, the Legislature set forth the "[p]owers and duties" of the new commission. That section's only reference to the commission's civil enforcement duties is contained in § 3 (i), which empowers the

---

[4] General Laws c. 268A, § 23 (d), as appearing in St. 1975, c. 508, provided in pertinent part: "In addition to the other provisions of this chapter, and in supplement thereto, the following are established as standards of conduct for all state, county and municipal employees for the violation of which appropriate administrative action as is warranted may be taken by the appropriate constitutional officer or by the head of a state, county or municipal agency. No officer or employee of a state, county or municipal agency shall: . . . (d) use or attempt to use his official position to secure unwarranted privileges or exemptions for himself or others."

Statute 1982, c. 612, § 14, amended § 23. See note 10, *infra.*

commission to "act as the primary civil enforcement agency for violations of chapter 268A, as specified in sections 9 and 15 of that chapter, and of this chapter [268B]." General Laws c. 268A, § 9, is concerned with violations by State employees of §§ 2-8 of G. L. c. 268A and G. L. c. 268A, § 15, with violations by county employees of §§ 11-14 of G. L. c. 268A.[5] Both § 9 and § 15 also provide additional remedies designed to recoup any economic gain which may have been derived by an individual who violated any of the sections of G. L. c. 268A incorporated by reference. No reference is made in G. L. c. 268B, § 3 (*i*), to the commission's enforcement powers over G. L. c. 268A, § 23, the section at issue.

---

[5] General Laws c. 268A, § 9, provides: "In addition to any other remedies provided by law, any violation of sections two to eight, inclusive, which has substantially influenced the action taken by any state agency in any particular matter, shall be grounds for avoiding, rescinding or cancelling the action on such terms as the interests of the commonwealth and innocent third persons require.

"The state ethics commission may bring a civil action against any person who has acted to his economic advantage in violation of sections two to eight, inclusive, and may recover on behalf of the commonwealth damages in the amount of the economic advantage or five hundred dollars, whichever is greater. If there has been no final criminal judgment of conviction or acquittal of the same violation, upon receipt of the written approval of the attorney general, the state ethics commission may, in the discretion of the court, so recover additional damages in an amount not exceeding twice the amount of the economic advantage or five hundred dollars, and a judgment for such damages shall bar any criminal prosecution for the same violation."

Section 15 of G. L. c. 268A provides: "(*a*) In addition to any other remedies provided by law, a violation of sections two, three, eight or sections eleven to fourteen, inclusive, which has substantially influenced the action taken by any county agency in any particular matter, shall be grounds for avoiding, rescinding or cancelling the action on such terms as the interests of the county and innocent third persons require.

"(*b*) The state ethics commission may bring a civil action against any person who has acted to his economic advantage in violation of sections two, three, eight, or eleven to fourteen, inclusive, and may recover on behalf of the county damages in the amount of the economic advantage or five hundred dollars, whichever is greater. If there has been no final criminal judgment of conviction or acquittal of the same violation, upon receipt of the written approval of the attorney general and the district attorney, the state ethics commission may, in the discretion of the court, recover additional damages in an amount not exceeding twice the amount of the economic advantage, and a judgment for such damages shall bar any criminal prosecution for the same violation."

Additionally, §§ 2-8 and §§ 11-14 of G. L. c. 268A contain criminal penalties for violations of those sections. Enforcement of the criminal penalties is left to the Attorney General and the district attorneys. Civil enforcement of those sections is granted to the commission by virtue of the reference in § 3 (*i*) of G. L. c. 268B to violations of sections specified in §§ 9 and 15 of G. L. c. 268A. Our conclusion that the commission lacks authority to enforce § 23 is buttressed by the fact that § 23 contains no criminal sanctions. Reading the statute as a whole, we believe the Legislature gave the commission the power and duty to enforce civilly only those sections which contain criminal sanctions.

The commission argues that § 4 of G. L. c. 268B, rather than § 3 (*i*), controls here because it sets out the investigative, adjudicative, and enforcement authority of the commission.[6]

---

[6] General Laws c. 268B, § 4, provides in pertinent part: "(*a*) Upon receipt of a sworn complaint signed under pains and penalties of perjury, or upon receipt of evidence which is deemed sufficient by the commission, the commission shall initiate a preliminary inquiry into any alleged violation of chapter 268A or this chapter. At the beginning of a preliminary inquiry into any alleged violation of chapter 268A or this chapter, the general counsel shall notify the attorney general of such action. . . .

"(*b*) If a preliminary inquiry fails to indicate reasonable cause for belief that this chapter or chapter 268A has been violated, the commission shall immediately terminate the inquiry and so notify, in writing, the complainant, if any, and the person who had been the subject of the inquiry. All commission records and proceedings from such an inquiry shall remain confidential.

"(*c*) If a preliminary inquiry indicates reasonable cause for belief that this chapter or chapter 268A has been violated, the commission may, upon a majority vote, initiate a full investigation and appropriate proceedings to determine whether there has been such a violation.

"The commission may require by summons the attendance and testimony of witnesses and the production of books, papers and other records relating to any matter being investigated by it pursuant to this chapter or chapter 268A. . . . Any justice of the superior court may, upon application by the commission, in his discretion issue an order requiring the attendance of witnesses summoned as aforesaid and the giving of testimony or the production of books, papers and other records before the commission in furtherance of any investigation pursuant to the provisions of this chapter or chapter 268A. . . .

"(*d*) The commission, upon a finding pursuant to the provisions of the preceding subsection that there has been a violation of chapter 268A or a violation of this chapter, may issue an order requiring the violator to: (1) cease

Contained in the text of § 4 are general references to violations of G. L. c. 268A, without further limitation to § 9 and § 15 of that chapter. Subsection (*a*) of G. L. c. 268B, § 4, provides, "Upon receipt of a sworn complaint . . . or . . . of evidence which is deemed sufficient by the commission, the commission shall initiate a preliminary inquiry into any alleged violation of chapter 268A or this chapter." Enforcement by the commission of G. L. c. 268A, § 23, the commission argues, is therefore within the authority granted to it by G. L. c. 268B, § 4.

The commission's argument, however, ignores the fact that § 3 of G. L. c. 268B sets out the "[p]owers and duties" of the commission. Section 4, entitled "[i]nvestigations by the commission," merely provides the procedural mechanism and authority to accomplish the duties of the commission as already set out in § 3.[7] See *Craven* v. *State Ethics Comm'n,* 390 Mass. 191, 196 (1983).[8] The general references to violations of G. L.

and desist such violation of chapter 268A or this chapter; (2) file any report, statement or other information as required by chapter 268A or this chapter; or (3) pay a civil penalty of not more than [$2,000] for each violation of this chapter or [chapter 268A].

"The commission may file a civil action in superior court to enforce such an order.

"(e) Any final action by the commission made pursuant to this chapter shall be subject to review in superior court upon petition of any interested person filed within thirty days after the action for which review is sought. The court shall enter a judgment enforcing, modifying or setting aside the order of the commission or it may remand the proceeding to the commission for such further action as the court may direct."

[7] "[A]lthough the title of [a subdivision of] an act cannot control the plain provisions of the act, it may aid construction of ambiguous clauses." *American Family Life Assurance Co.* v. *Commissioner of Ins.,* 388 Mass. 468, 474, cert. denied, 464 U.S. 850 (1983). See *Commonwealth* v. *Graham,* 388 Mass. 115, 120 (1983); *Breault* v. *Ford Motor Co.,* 364 Mass. 352, 353 n.2 (1973).

[8] Although in *Craven* v. *State Ethics Comm'n, supra,* we affirmed the commission's findings as to the violation of § 23 (*d*), the jurisdiction of the commission over that section was not at issue. Moreover, the commission found a violation of G. L. c. 268A, § 6, a provision over which the commission does have jurisdiction. See *id.* at 201. The commission assessed a penalty of $1,000 for the violation of § 6. It did not, however, assess a separate penalty for the violation of § 23 (*d*). *Id.* at 192. See *Matter of Craven,* 1980 Ethics Comm'n 17. Thus, nothing we said in *Craven* is inconsistent with our conclusion today that the commission lacks jurisdiction over § 23.

c. 268A contained in the procedural provisions of G. L. c. 268B, § 4, are, therefore, limited by the specific jurisdictional authority as provided by G. L. c. 268B, § 3 (*i*). Particular words and phrases narrow general terms which might embrace related acts or conduct. *Koller* v. *Duggan,* 346 Mass. 270, 273 (1963). See *Haas* v. *Breton,* 377 Mass. 591, 595 (1979). The general rule is that "[i]f a general statute and a specific statute cannot be reconciled, the general statute must yield to the specific statute." *Pereira* v. *New England LNG Co.,* 364 Mass. 109, 118 (1973). See *Mailhot* v. *Travelers Ins. Co.,* 375 Mass. 342, 345-347 (1978). This principle is especially applicable where, as here, the specific limiting statute grants the powers of the commission, while the general language is contained in a procedural provision.

The language of G. L. c. 268B, § 3 (*i*), which governs the power and duties of the commission, clearly limits its jurisdiction over civil enforcement to violations of G. L. c. 268A, §§ 9 and 15, and c. 268B itself. If the Legislature had intended to grant a plenary enforcement power, it would not have included the limiting language. "It is not to be assumed that words in a statute have no force or effect." *Milton* v. *Metropolitan Dist. Comm'n,* 342 Mass. 222, 225 (1961), quoting *Gillam* v. *Board of Health of Saugus,* 327 Mass. 621, 623 (1951). See *Simon* v. *State Examiners of Electricians, ante* 238, 242-244 (1985); *Casa Loma, Inc.* v. *Alcoholic Beverages Control Comm'n,* 377 Mass. 231, 234 (1979).

The commission's argument that G. L. c. 268B, § 3 (*i*), pertains only to the commission's authority to undertake a civil recovery action pursuant to the remedial portions of G. L. c. 268A, §§ 9 and 15, is also without merit. The plain language of G. L. c. 268B, § 3 (*i*), refers to violations, not remedies, and therefore applies to all civil enforcement efforts. The commission's interpretation also fails to account for the reference in G. L. c. 268B, § 3 (*i*), authorizing enforcement by the commission for violations of G. L. c. 268B.

Although "the principal source of insight into the legislative purpose" is the language of the statute, *Hoffman* v. *Howmedica, Inc.,* 373 Mass. 32, 37 (1977), the history of G. L. c. 268A,

§ 23, also supports our conclusion. The "Code of Ethics," as
what is now § 23 was called before the enactment of G. L.
c. 268A, was conceived as a set of general guidelines for
standards of conduct, and not standards to be specifically en-
forced by penal sanction, as were other sections of G. L.
c. 268A. Final Report of the Special Comm'n on Code of
Ethics, 1962 House Doc. No. 3650, at 17.[9] See St. 1962,
c. 779, § 1. Section 23, therefore, was not intended as a set
of specific provisions punishable by fine, but rather, "[i]t per-
forms a particularly useful role in outlining the principles of
the other [more concrete] provisions." Buss, The Massachusetts
Conflict-of-Interest Statute: An Analysis, 45 B.U.L. Rev. 299,
307 (1965).

The Legislature provided that § 23 would be enforced
through administrative action by the appropriate constitutional
officer or agency head. *District Attorney for the Hampden
Dist.* v. *Grucci,* 384 Mass. 525, 528-529 (1981). In 1982, the
Legislature amended § 23 to make former public employees
subject to certain of its provisions.[10] St. 1982, c. 612, § 14.

[9] The drafters of the 1962 Massachusetts conflict of interest law, G. L.
c. 268A, wrote: "Some conflicts of material interests which are improper
for public officials may be prohibited by legislation. Others may arise in
so many different forms and under such a variety of circumstances, that it
would be unwise and unjust to proscribe them by statute with inflexible
and penal sanctions which would limit public service to the very wealthy
or the very poor. For matters of such complexity and close distinction, the
legislature finds that a code of ethics is desirable to set forth for the guidance
of public officers and employees the general standards of conduct to be
reasonably expected of them." Report of the Special Comm'n on Code of
Ethics, 1962 House Doc. No. 3650, at 21-22.

[10] The amended version of G. L. c. 268A, § 23, provides in relevant part:
"In addition to the other provisions of this chapter, and in supplement thereto,
standards of conduct, as hereinafter set forth in this section, are established
for all state, county and municipal employees. Where a current employee is
found to have violated these provisions, appropriate administrative action as
is warranted may *also* be taken by the appropriate constitutional officer, by
the head of state, county or municipal agency (emphasis supplied).
"    . . . .
"No current or former officer or employee of a state, county or municipal
agency shall:
"(1) accept employment or engage in any business or professional activity
which will require him to disclose confidential information which he has

Additionally in the amendment, the portion authorizing constitutional officers and heads of agencies to take administrative action was modified by the word "also." The commission claims that the word "also" in the amended version indicates that it is an unspecified other enforcement agency for § 23. Further, the commission argues that because neither agency heads nor constitutional officers have disciplinary authority over former employees, the use of the word "also" indicates that the Legislature intended that the commission would continue its enforcement of § 23. Otherwise, the commission contends, the new version of § 23 is meaningless and "[a]n intention to enact a barren and ineffective [piece of legislation] is not lightly to be imputed to the Legislature." *Habeeb* v. *Retirement Bd. of Quincy,* 389 Mass. 634, 639 (1983), quoting *Insurance Rating Bd.* v. *Commissioner of Ins.,* 356 Mass. 184, 189 (1969).

"When the meaning of any particular section or clause of a statute is questioned, it is proper, no doubt, to look into the other parts of the statute: otherwise the different sections of the same statute might be so construed as to be repugnant, and the intention of the legislature might be defeated. And if, upon examination, the general meaning and object of the statute should be found inconsistent with the literal import of any particular clause or section, such clause or section must, if possible, be construed according to the spirit of the act." *Holbrook* v. *Holbrook,* 1 Pick. 248, 250 (1823). "[W]here two or more statutes relate to the same subject matter, they should be construed together so as to constitute an harmonious whole consistent with the legislative purpose." *Registrar of Motor Vehicles* v. *Board of Appeal on Motor Vehicle Liab. Policies & Bonds,* 382 Mass. 580, 585 (1981). We look, therefore, to the entire statutory scheme to determine the sense of the amendment in relation to the statute as a whole. *Walker* v. *Board of*

gained by reason of his official position or authority;

"(2) improperly disclose materials or data within the exemptions to the definition of public records as defined by section seven of chapter four, and were acquired by him in the course of his official duties nor use such information to further his personal interests."

*Appeals of Harwich,* 388 Mass. 42, 51 (1983). 2A C. Sands, Sutherland Statutory Construction § 46.05 (4th ed. 1984).

Testing the amended § 23 thus, we conclude that including the word "also" does not indicate that the Legislature granted the commission the power to enforce § 23.[11] Because the commission was created by the Legislature, it has "only the powers, duties and obligations expressly conferred upon it by . . . statute . . . or such as are reasonably necessary . . . [to carry out] the purpose for which it was established." *Hathaway Bakeries, Inc.* v. *Labor Relations Comm'n,* 316 Mass. 136, 141 (1944), and cases cited. As noted, G. L. c. 268B, § 3 (*i*), sets forth the extent of the commission's powers and duties. See *supra* at 328-329. Nothing in the 1982 amendment changes the language of § 3 (*i*). We cannot ignore the plain legislative language limiting the civil enforcement powers of the commission to G. L. c. 268A, §§ 9 and 15, and granting constitutional officers and agency heads the power and duty to enforce G. L. c. 268A, § 23, administratively. The Legislature has spoken clearly; the commission is not authorized to enforce G. L. c. 268A, § 23, by the terms of G. L. c. 268B.[12]

*Judgment affirmed.*

---

[11] Had the 1982 amendment granted the commission the power to enforce § 23, that power and duty would not be retroactive and thus would not affect the instant case. *Nantucket Conservation Found., Inc.* v. *Russell Management, Inc.,* 380 Mass. 212, 214 (1980). We do not understand the commission to argue otherwise.

[12] We agree with the commission that deference should be given to long consistent administrative interpretations of an agency's governing statute. "In no event, however, will an administrative interpretation be followed if it is contrary to 'plain and unambiguous terms [in] a statute.'" *School Comm. of Springfield* v. *Board of Educ.,* 362 Mass. 417, 441 n.22 (1972), quoting *Bolster* v. *Commissioner of Corps. & Taxation,* 319 Mass. 81, 86 (1946). "Courts are not bound by erroneous administrative constructions of a statute." *Johnson* v. *Martignetti,* 374 Mass. 784, 790 (1978). "The duty of statutory interpretation is for the courts." *Cleary* v. *Cardullo's, Inc.,* 347 Mass. 337, 344 (1964). See *Simon* v. *State Examiners of Electricians, supra* at 245.