Banks, J.
This is a Civil Motor Vehicle Infraction appeal pursuant to G.L. c.90C, § 3A. The defendant alleges error in the trial court’s entry against him of a finding of “responsible” for operating an unregistered tow “dolly” in violation of G.L. c.90, §9.
The defendant corporation is a “doubles operator” engaged in the transportation of goods by means of tandem trailers on the Massachusetts Turnpike (Rte. 90) and the New York Thruway. Essential to the defendant’s operation is the use of a connecting vehicle, known in the trucking industry as a tow “dolly,” which links the lead trailer to the rear or kite trailer in any tandem unit. When so utilized as a link between two trailers in tandem, a tow dolly is not subject, as a separate vehicle, to the registration requirements of G.L. c.90, §9.
It is often necessary, however, for the defendant to operate a single trailer with an attached dolly along Route 90. The reason is that there are only four authorized locations on the Massachusetts Turnpike between Springfield and *166 Boston where tandem trailers may be attached or separated. Single tractor-trailers must be moved from one location to another to be joined with second semi-trailers to form tandem units. At such times, the dolly converter is attached to a single trailer and pulled as the rear vehicle in the trailer combination.
On March 4,1988, the defendant was operating a vehicle on the Massachusetts Turnpike which consisted of a tractor, a single trailer and a four wheel dolly converter. The dolly was the last piece of equipment in the vehicle combination and carried no registration plate. A citation was issued against the defendant corporation by the Massachusetts State Police for operating an unregistered trailer.
The issue presented by this appeal is whether the four wheel tow dolly utilized by the defendant constituted a G.L. c.90, § 1 “trailer” subject to the registration requirements of G.L. c.90, §9.[1]
The following definition of a “trailer” is set forth in G.L. c.90, §1:
any vehicle or object on wheels and having no motive power of its own, but which is drawn by, or used in combination with, a motor vehicle. It shall not include a pole dolly or pole dickey, so called, nor a pair of wheels commonly used as an implement for other purposes than transportation, nor a portable, collapsible or separate two wheel tow dolly limited only to the purpose of transporting or towing a registered vehicle... (emphasis added).
It is clear that the general statutory definition of a trailer as a vehicle with no motive power of its own but which is drawn by another motor vehicle covers the four wheel tow dolly utilized by the defendant corporation.
The defendant argues that its four wheel vehicle is excepted from the G.L. c.90, § 9 registration requirements by that portion of § 1 which excludes from the statutory trailer category any “portable, collapsible or separate two wheel tow dolly. .. (emphasis added).” The short answer to the defendant’s contention is that the § 1 exclusion is expressly limited to “two wheel” tow dollies. To interpret this exception as encompassing all tow dollies, including the defendant’s four wheel vehicle, would render the “two wheel” specification mere surplusage. Such an interpretation would violate the elementary canon of statutory construction that “every word of a legislative enactment is to be given force and effect.” United States Jaycees v. Massachusetts Comm. Against Discrimination, 391 Mass. 594, 601 (1984). See also, Saccone v. State Ethics Comm., 395 Mass. 326, 332 (1985); Commonwealth v. Wellesley Toyota Co., 18 Mass. App. Ct. 733, 735 (1984).
We concur with the defendant’s assessment that the number of wheels or axles on any dolly converter does not dictate or alter its sole function as a towing vehicle. Further, the apparent legislative intent to exclude towing vehicles from the G.L. c.90, § 1 definition of a trailer would not be defeated by including four wheel dollies in the exception at issue. Statutes must, however, be construed and applied as written, and any apparent omissions cannot be added by the court. Modern Continental Construc. Co. v. Lowell, 391 Mass. 829, 839-840 (1984). In amending G.L. c.90, §1 by St. 1985, c.465 to except two wheel tow dollies specifically from the statutory definition of trailer, the Legislature could instead have easily excepted all dolly converters. The Legislature chose not to do so. The G.L. c.90, §1 tow dolly exception, as *167 enacted, is expressly limited to two wheel vehicles; and we are bound by the implied Legislative omission of all other tow dollies in interpreting this statute. County of Middlesex v. Newton, 13 Mass. App. Ct. 538, 542 (1982), review denied, 386 Mass. 1104.
Accordingly, the defendant’s four wheel tow dolly, as operated on March 4, 1988, constituted a G.L. c.90, § 1 “trailer” subject to motor vehicle registration requirements. There was no error in the trial court’s finding that the defendant was “responsible” for the operation of an unregistered motor vehicle in violation of G.L. c.90, §9. Appeal dismissed.

General Laws, C.90, Sec. 9 states, in relevant part: “No person shall operate ... or tow any motor vehicle or trailer ... unless such vehicle is registered in accordance with this chapter and carries its register number displayed as provided in section six....”