ERLAND CONSTRUCTION CO., INC. *vs.* PARK STEEL CORPORATION. No. 95-P-796. October 3, 1996. *Contract,* Construction contract, Indemnity, Construction of contract. *Indemnity.*

Erland Construction Co., Inc. (Erland), a general contractor, is a third-party plaintiff that claims indemnity from Park Steel Corporation (Park Steel), a structural steel subcontractor, for liability incurred by Erland in connection with a construction job in Westborough. The controversy involves the application of G. L. c. 149, § 29C, as appearing in St. 1986, c. 557, § 135, and provisions of the subcontract between Erland and Park Steel. See *Miley* v. *Johnson & Johnson Orthopaedics, Inc., ante* 30 (1996), in which that statute and cases interpreting it are discussed. As in *Johnson & Johnson,* the phrase in § 29C on which we concentrate attention is: "not caused by the subcontractor or its employees, agents or subcontractors." Unless the evidence establishes a causal link between the liability incurred by the general contractor and something that the subcontractor, *or its subcontractors,* did or did not do to bring about the injury or damage, the general contractor may not be indemnified and a contractual provision purporting to do so is unenforceable. *Id.* at 32-33. A judge in the Superior Court determined that the indemnity provision in the contract was unlawful because it imposed indemnity obligations in the absence of a causal link. He ordered judgment for Park Steel. Erland has appealed, and we reverse the judgment.

Underlying Erland's indemnity claim against Park Steel was a successful negligence action by Gerald J. Richards and his wife against Erland and the job site owner. Richards worked for — and was the principal officer of — Titan Steel, Inc. (Titan), to which Park Steel let a sub-subcontract. It was in the performance of that sub-subcontract that Richards was hurt. The Richardses' claims were tried to a jury which, in response to special questions, found Erland 63% negligent, Richards 37% negligent, and Park Steel not at all negligent.

There are two provisions in the subcontract between Erland and Park Steel, Article IV and Article XIV, that treat the subject of indemnity. Article XIV, which Park Steel embraces on appeal as the operative provision, lacks language requiring a causal link between the subcontractor's action or failure to act as the source of damage or injury and, therefore, is a model of invalidity under G. L. c. 149, § 29C. See *Harnois* v. *Quannapowitt*

*Dev., Inc.,* 35 Mass. App. Ct. 286, 288-289 (1993). The subject of Article XIV, however, is protection of the construction work and the project site against mechanics' and materialmen's liens, attachments, restraining orders, and the like, not bodily injury or damage to others. The sentence pertaining to the subcontractor's indemnity obligation ought not to be stripped from the context of the rest of the article and made to apply to tort liability, particularly when there is a section, Article IV, that deals with job safety and insurance against liability for bodily injury and property damage. Cf. *Robert Indus., Inc.* v. *Spence,* 362 Mass. 751, 755-756 (1973). The penultimate sentence of Article IV reads as follows:

> "The SUBCONTRACTOR agrees to indemnify and hold the CONTRACTOR and OWNER harmless from any and all loss, damage, cost or expense, including but not limited to counsel fees which the CONTRACTOR or OWNER may sustain or become liable for on account of any claim, suit or action resulting from or *arising out of the negligence* of the SUBCONTRACTOR, his Agents, Employees or Sub[-] Subcontractors" (emphasis supplied).

In *Callahan* v. *A.J. Welch Equip. Corp.,* 36 Mass. App. Ct. 608, 611-612 (1994), we explained that "caused by," within the sense of G. L. c. 149, § 29C, included conduct that did not necessarily involve negligence; i.e., there could be a causal link between the subcontractor's activity on the job and the injury even though that activity did not constitute negligence. When the standard for indemnification, as in this subcontract, is negligence, the causal link is more palpable and the demands of § 29C are more obviously satisfied. In the instant case, Park Steel, the subcontractor, was not negligent but its sub-subcontractor, Titan, by reason of the negligence of its employee, Richards, was negligent. The subcontract expressly bound the subcontractor to indemnify the owner and the contractor for injury resulting from the negligence of a sub-subcontractor. Accordingly Park Steel is bound to indemnify Erland with respect to liability for the injury sustained by Richards. See also *Collins* v. *Kiewit Constr. Co.,* 40 Mass. App. Ct. 796, 797-800 (1996).

The judgment is reversed and a judgment shall be entered requiring Park Steel to indemnify Erland for the money Erland was required to pay to satisfy the Richards judgment and for the cost of Erland's defense against the Richards action.

*So ordered.*

*Gary D. Buseck* for the plaintiff.
*Gerard R. Laurence* for the defendant.