PHILIP SHEEHAN & another[1] vs. MODERN CONTINENTAL/HEALY; K.C. ELECTRIC COMPANY, INC., third-party defendant. No. 03-P-1507. January 20, 2005. *Contract,* Construction contract, Subcontract, Indemnity. *Negligence,* Construction work.

Philip Sheehan, an electrician employed by K.C. Electric Company (subcontractor), was injured while working on the Central Artery project. He brought suit against Modern Continental/Healy (contractor) alleging that the contractor's negligence caused his injuries. The contractor, relying upon express language in the parties' written subcontract, brought a third-party action against the subcontractor seeking indemnification, including the assumption and reimbursement of the contractor's defense costs. A judge of the Superior Court allowed the contractor's motion for summary judgment on the third-party claim, and although Sheehan and the contractor later reached a

---

[1]Michelle Murphy.

negotiated settlement of the underlying claim, the disposition of the third-party claim remains in dispute. Before us is the subcontractor's appeal.

We agree with the subcontractor that the contractor was not entitled to summary judgment. Indemnity agreements in construction contracts are subject to G. L. c. 149, § 29C, as appearing in St. 1986, c. 557, § 135, which renders void any provision requiring a subcontractor to indemnify another for injury "not caused by the subcontractor, or its employees, agents or subcontractors." Here, the parties' indemnity agreement purports to require the subcontractor to indemnify the contractor for claims and expenses attributable to injury "caused *or alleged to be caused* in whole or in part by any negligent act or omission of the [s]ubcontractor" (emphasis supplied). However, the language "alleged to be caused" exceeds what is permissible under G. L. c. 149, § 29C. A contractor may not base a claim for indemnity upon mere allegations of the subcontractor's responsibility, because to do so could result in indemnification for injury or damage "not caused by the subcontractor." The judge therefore erred in finding that the indemnification clause did not violate G. L. c. 149, § 29C, and that it can be triggered by an allegation in the contractor's complaint.

The indemnity provision does not fail as a whole, because the offending portion may be excised.[2] Under what remains, the contractor may be indemnified, but only if it is established that a negligent act or omission of the subcontractor "caused" the injury in question.[3] Because there remained disputed issues of fact as to whether any negligence of the subcontractor played a role in causing Sheehan's injuries, summary judgment on the contractor's claim for indemnity was not appropriate.

Nor was it appropriate for the judge to order, as provided in the judgment, that the subcontractor immediately assume the contractor's defense and reimburse the contractor for its past defense costs. It is true that the subcontract contained separate language which required the subcontractor to defend the contractor from claims arising out of the performance of the subcontract. Such language may be enforceable even when a related indemnity provision runs afoul of G. L. c. 149, § 29C. See *Herson* v. *New Boston Garden Corp.*, 40 Mass. App. Ct. 779, 786-787 (1996). In this case, however, there was no basis for imposing upon the subcontractor an immediate duty to defend. Sheehan alleged nothing in his complaint to suggest the subcontractor's involvement in his injuries. See *Miley* v. *Johnson & Johnson Orthopaedics, Inc.*, 41 Mass. App. Ct. 30, 34 (1996). Nor did the summary judgment record establish, as a matter of undisputed fact, any extrinsic basis for triggering the subcontractor's duty to defend. Mere allegations in the contractor's third-party complaint were not sufficient to give rise to a defense obligation on the part of the subcontractor.

---

[2]The indemnity agreement contains a "savings" clause limiting its scope "[t]o the fullest extent permitted by law." This language permits its enforcement to the extent permitted by G. L. c. 149, § 29C. See *Callahan* v. *A.J. Welch Equip. Corp.*, 36 Mass. App. Ct. 608, 611 (1994).

[3]Although the statutory phrase "caused by" has been held to include conduct that does not necessarily involve negligence, this indemnity agreement specifies negligence, and it is that standard that applies. See *Erland Constr. Co.* v. *Park Steel Corp.*, 41 Mass. App. Ct. 919, 920 (1996).

The judgment is reversed and the case remanded for further proceedings consistent with this opinion.

*So ordered.*

*Richard W. Jensen* for K.C. Electric Company, Inc.

*John F. Leahy, Jr.*, for Modern Continental/Healy.