Murtagh, Thomas R., J.
On November 22, 2006, this court entered judgment for the defendant and third-party plaintiff, Mello Construction, Inc., and allowed the summary judgment motion of fourth-party defendant, Acadia Insurance Company, with regard to Quinn Brothers of Essex, Inc.’s duty to defend the negligence claims asserted against Mello. Currently before this court is Hanover Insurance Company’s motion for reconsideration. For the reasons that follow, Hanover’s motion is DENIED.
Hanover argues that this court “misread” the indemnity agreement at issue. It asserts that the specific language of the agreement requires a finding of negligence before Quinn Brothers is required to defend Mello. Once again, the court disagrees.
The duty to defend is broader than the duty to indemnify. Sullivan v. Utica Mut. Ins., 439 Mass. 387, 394 (2003). Typically, an insurer’s duty to defend commences when the allegations of a complaint are reasonably susceptible of an interpretation that the claim is covered by the terms of the insurance policy. Id. The duty, however, is not determined by an exclusive reference to these facts. Rather, the duly is “based on the facts alleged in the complaint and those facts which are known to the insurer.” Id., quoting Boston Symphony Orchestra, Inc. v. Commercial Union Ins. Co., 406 Mass. 7, 11 (1989).
Here, Hanover quickly became aware that the plaintiff s underlying claim was seeking damages from Mello based on Quinn Brothers’ alleged negligence. Deposition testimony reveals the undisputed facts that the plaintiff was employed by Quinn Brothers and that he was using an aluminum ladder owned and provided by Quinn Brothers at the time of the accident. It is alleged that this ladder was defective and caused him to fall and sustain injuries. If these facts are proven, Quinn Brothers will be required to indemnify Mello for damages arising from its negligent conduct. As a result, the facts known to Hanover reveal that the underlying action asserted against Mello is of the fype that would be covered by Quinn Brothers’ insurance policy. Hanover is therefore obligated to assume Mello’s defense. See Boston Symphony Orchestra, Inc., 406 Mass. at 11 (insurer had duty to defend based upon the allegations in the complaint and other facts known to insurer).
The fact that Quinn Brothers’ duty to indemnify does not arise until after negligence has been established does not control the duty to defend. “An insurer must indemnify its insured when a judgment within the policy coverage is rendered against that insured. The duty to defend, however, is antecedent to, and independent of, the duty to indemnify.” Id. at 10. To be given any meaning, the duty to defend must arise during the pendency of the action and not after its judgment. Urban Inv. and Dev. Co. v. Turner Constr. Co., 35 Mass.App.Ct. 100, 107 (1993).
*205 The specific language of the indemnity agreement also does not alter this finding. The agreement states, in relevant part, that Quinn Brothers will defend Mello against “all claims . . . arising out of or resulting from the performance of the work, provided that any such claim ... is caused in whole or in part by any negligent act or omission . . .” Hanover, relying upon Sheehan v. Modern Continental 62 Mass.App.Ct. 937 (2005), argues that this language creates a contractual agreement whereby the duty to defend does not commence until after negligence has been established. Sheehan, however, does not support Hanover’s argument. In that case, the Appeals Court noted that the subcontractor’s insurer was not required to undertake the general contractor’s defense on the mere basis of the general contractor’s allegations of the subcontractor’s negligence. The case clearly held that the duty to defend did not arise on these allegations because the plaintiffs underlying complaint and the summary judgment record failed to establish any basis for triggering the subcontractor’s duty to defend. Id. at 938. Here, the summary judgment record did establish such undisputed facts to trigger the subcontractor’s duly. Unlike the insurer in Sheehan, Hanover was aware that the plaintiffs injuries were allegedly caused by Quinn Brothers’ negligence. The duty is therefore established on more than “mere allegations in the contractor’s third-party complaint.” Id.
In fact, this case is similar to the one recently decided by the federal district court in Great Northern Ins. Co. v. Paino Assocs., 369 F.Sup.2d 177 (D.Mass. 2005). One of the original defendants in Great Northern filed a third-party complaint against an insurance company for failure to defend and indemnify. The indemnification provision at issue resembled the one in the present case. It stated, “The Contractor shall indemnify, defend and hold harmless the [third-party plaintiff] . . . from and against any and all liability . . . arising out of or resulting from any intentional acts, negligent acts, errors or omissions . . .” Id. at 10 (emphasis supplied). Finding that the allegations in the complaint could reasonably be interpreted to state that the negligence arose out of the insured’s operations, the court concluded that the insurance company owed a duty to defend the original defendant. Id. at 15. Likewise, this court is persuaded that the language contained in Quinn Brothers’ indemnification agreement does not require a finding of negligence prior to enforcing the contractually agreed-upon duty to defend. Accordingly, this court maintains its original finding that Quinn Brothers is contractually bound to defend Mello in the claims asserted by the plaintiff.
Although not essential to the instant ruling, it is further noted that Hanover must defend Mello on the additional basis that Mello is listed as an additional insured on Hanover’s policy with Quinn Brothers. That policy explicitly states that any insurance provided to additional insured parties “applies on a primary basis if that is required by the written contract.” Per the terms of the subcontract, Quinn Brothers was required to provide Mello with the same liability insurance as Mello was required to provide to the owner. Mello was required to obtain primary liability insurance and to name the owner as an additional insured party. As a result, the subcontract required Quinn Brothers to obtain general liability insurance, to name Mello as an additional insured, and to provide this insurance on a primary basis. As the policy explicitly and unambiguously provides for primary coverage, this is not a case which implicates Hanover’s “other insurance” provision. There is therefore no need to analyze whether it is essentially identical to the “other insurance” provision contained in Acadia’s policy. As such, Hanover, in addition to being bound by the terms of Quinn Brothers’ indemnity agreement, is also bound by the terms of its policy to defend Mello as an additional insured in the underlying case asserted by the plaintiff.
ORDER
For the foregoing reasons, it is hereby ORDERED that Hanover Insurance Company’s motion for reconsideration is DENIED.