Botsford, Margot, J.
The plaintiff Edward Brown is confined to the treatment center at Bridgewater for sexually dangerous persons (the treatment center).[1] He was adjudicated a sexually dangerous person (SDP) in 1984, and has been at the treatment center since that time. He has filed a petition for writ of habeas corpus, and several connected motions. He asserts that he is unlawfully confined at this time, and is entitled to immediate relief. The Commonwealth opposes the plaintiffs habeas corpus petition as well as his other motions. After hearing, and for the reasons stated below, the petition for writ of habeas corpus will be dismissed, and the plaintiffs motions denied.
Background
On March 2, 1984, the plaintiff pleaded guilty before a judge of this court (Travers, J.) to ten indictments charging him with rape of a child and soliciting a child to pose for pornographic purposes. On the day the pleas were taken, the judge committed the plaintiff to the treatment center for observation under G.L.c. 123A, §4 (as enacted by St. 1958, c. 646, §1). On May 14, 1984, after hearing, the same judge found that the plaintiff was an SDP, and ordered his commitment to the treatment center for one day to life pursuant to G.L.c. 123A, §5 (as enacted by St. 1958, c. 646, §1).[2] The commitment to the treatment center was ordered in lieu of sentencing on each of the indictments to which the plaintiff had pleaded guilty.[3]
Beginning in 1990, the plaintiff has filed a number of petitions for release under G.L.c. 123A, §9. Two judges of this court (Lopez, J. (1996), and Lauriat, J. (2003)), and one jury (2001), have separately concluded that the plaintiff remained an SDP. At the hearing in this case, I was informed that the plaintiff has another petition under G.L.c. 123A, §9, currently pending.
In addition to his petition for writ of habeas corpus,[4] the plaintiff has filed a “Motion to Review and Correct Therein the Plaintiffs Court Ordered Civil Commitment to the Massachusetts Treatment Center,” and a “Motion for the Release of the Plaintiff from Unlawful Confinement to Which is Now Imposed Upon Him by the Commonwealth.” The arguments made in these motions and their supporting papers constitute the arguments the plaintiff advances in support of his petition for writ of habeas corpus. These arguments are discussed below.
Discussion
1. The Commonwealth argues that the plaintiffs habeas corpus petition must be dismissed, because his only avenue of relief is under Mass.R.Crim.P. 30(a). That Rule 30(a) governs in the plaintiffs case is not so clear, since he did not receive a criminal sentence on any of the indictments to which he pleaded guilty.
Rule 30(a) provides as follows:
Any person who is imprisoned or whose liberty is restrained pursuant to a criminal conviction may at any time, as of right, file a written motion requesting the trial judge to release him or her or to correct the sentence then being served upon the ground that the confinement or restraint was im *627 posed in violation of the Constitution of the United States or of the Commonwealth of Massachusetts.
The plaintiff is not imprisoned under a criminal sentence, and the restraint on his liberty arguably is not pursuant to his convictions, but is rather due to the judge’s determination in 1984 that he was an SDP as that term is defined in the SDP statute. See G.L.c. 123A, §1 (as enacted by St. 1958, c. 646, §1). See also Commonwealth v. Bruno, 432 Mass. 489, 498 (2000) (“. .. the conduct triggering [G.L.c. 123A’s] application is not the prior conviction of a sexual offense, but the current mental condition of the defendant”). Moreover, should the plaintiff prevail on his arguments, he would be entitled to immediate release because there is no criminal sentence in place that would hold him; eligibility for immediate release is a necessary condition for a writ of habeas corpus. Compare, e.g., Stewart, petitioner, 411 Mass. 566, 569 (1992).[5]
2. The plaintiff appears to claim that he is entitled to immediate release because of two statutes that were enacted after he was adjudicated an SDP. The first of these statutes is St. 1990, c. 150, §304, which repealed G.L.c. 123A, §§3-7. The argument he advances seems to be that since he was adjudicated an SDP and committed to the treatment center for one day to life under c. 123A, §5, once this statutory basis for the commitment was repealed, the commitment itself was no longer authorized. The difficulty with this argument is that another section of St. 1990, c. 150, c. 104, expressly states that “. . . all persons committed to said treatment center, as of [September 1, 1990], pursuant to an order of commitment issued prior to said date, shall be maintained at said treatment center subject to the provisions of said chapter [123 A] ...” These two sections of St. 1990, c. 150, must be read together as an harmonious whole, if at all possible. See, e.g., Saccone v. State Ethics Comm’n, 395 Mass. 326, 334-35 (1985). See also American Family Life Assurance Co. v. Commissioner of Ins., 388 Mass. 468, 473 (1983) (“[w]e will not construe the statutory language so that it is inconsistent with other portions of [the statute] when the language can fairly be interpreted to lead to a logical and consistent result”). When they are considered together, it is clear that the repeal of c. 123A, §§3-7, signified that no new adjudications of SDP status were to take place after September 1, 1990 — a point specifically made in the first clause of the first sentence of St. 1990, c. 150, §104 — but had no effect on the adjudications that had been completed before September 1, 1990. Rather, the persons so adjudicated would remain committed to and confined at the treatment center, subject to the right of each SDP to petition for discharge pursuant to G.L.c. 123A, §9, which remained (and continues to remain) in effect. Since the plaintiff is indisputably a person who had been adjudicated an SDP before September 1, 1990, he fits within the group of SDPs whom the Commonwealth continues to have the authority to confine. See Commonwealth v. Tate, 424 Mass. 236, 238 and n. 3 (1997).[6]
3. The plaintiffs next and principal argument concerns the order purporting to commit him to the treatment center. He asserts that this order is a “warrant to remove,” which solely authorized his removal from the Worcester Superior Court to the treatment center on May 14, 1984. For commitment, the plaintiff claims, a “warrant of commitment” is a necessity, and since neither the judge nor anyone else in authority ever signed such a document, there is no lawful order in place to authorize the plaintiffs continued involuntary confinement at the treatment center (or anywhere else).
The argument fails. The document in question (Exhibit K to the Commonwealth’s Return) is a form document with blanks to fill in for the name of defendant, crimes charged, dates, etc., and appears to consist of two pages. The first page begins with a greeting to the officials to whom the following text is addressed, and then states, inter alia, the following:
WHEREAS, at the Superior Court holden at Worcester within and for the County of Worcester, for the transaction of criminal business, on the 2nd Day of February [sic.] in [1984],
Edward C. Brown
Pleaded guilty to indictments charging him with the crime(s) of soliciting a child for pornographic purposes [and] rape of a child.
WHEREAS, said Superior Court considered said Edward C. Brown to be in such condition that his confinement to the Center for the Diagnosis, Care, Custody, Treatment and Rehabilitation of Sexually Dangerous Persons for a period not exceeding sixty days for the purpose of examination and diagnosis was necessary, in accordance with General Laws, Chapter 123A Section 4 as amended and said Edward C. Brown was committed in pursuance thereof, and
WHEREAS, said Superior Court on the fourteenth day of May in [1984], after a hearing finds said defendant to be a “Sexually Dangerous Person” as defined in Section 1 of Chapter 123A of the General Laws, and orders his commitment to said Center for a term of not less than one day, and not more than his natural life, in accordance with Section 5 of Chapter 123A as amended; and you the said Sheriff, Deputies and Officers of said Court are hereby commanded to remove the said defendant from before said Court to the said Center, for the Diagnosis, Care, Custody, Treatment and Rehabilitation of Sexually Dangerous Persons at said Massachusetts Correctional Institution, Bridgewater — Treatment Center, and Deliver him to the Superintendent and Director thereof.

And you, the said Superintendent and Director of said Center are hereby commanded to receive said 
*628
defendant into said Center and him there safely keep for treatment and Rehabilitation until he is released according to law.

And you, the said Sheriff, Deputies and Officers, are to make return of this warrant with your doings thereon to the Clerk of said Court as soon as may be.

WITNESS: Herbert F. Travers, J., Justice of said Court, and the seal of said Court hereto affixed this fourteenth day of May, [1984].
S/John F. Connor, Clerk
(Emphasis supplied.) The second page of the document seems to be a copy of what must have been the document jacket. In the center, it states:
Warrant to Remove
A prisoner before- said Court to the Center for the Diagnosis, Care, Custody, Treatment and Rehabilitation of Sexually Dangerous Persons
in the Bridgewater Treatment Center
at the Massachusetts Correctional Institution, Bridgewater. In accordance with Chapter 123A, Section 5 as amended.
On the left is the return of the officer who transported the plaintiff to the treatment center on May 14, 1984.[7]
As its text reflects, this document serves a number of purposes. The plaintiff is correct that it operates as a warrant for his removal from the Worcester Superior Court to the treatment center. However, it also contains (1) the written finding of the judge that the plaintiff is an SDP, (2) the judge’s order committing the plaintiff, and (3) the judge’s order to the superintendent and director of the treatment center to receive and hold the plaintiff at the treatment center until his release. In light of this finding and these orders, all included in the document under the judge’s name, the conclusion is clear that the plaintiff was validly committed to the treatment center as an SDP, where he validly remains at present.
ORDER
For the foregoing reasons, the plaintiffs petition for writ of habeas corpus is dismissed, and the plaintiffs Motion to Review and Correct Therein the Plaintiffs Court Ordered Civil Commitment to the Massachusetts Treatment Center, and Motion for the Release of the Plaintiff from Unlawful Confinement to Which is Now Imposed Upon Him by the Commonwealth are denied. A final judgment of dismissal is to enter.

The treatment center is formally named the Nemansket Correctional Center. See G.L.c. 123A, §2.

See Exhibit K to Return filed by the Commonwealth in this case (Return).

See Exhibits A-J to Return.

The plaintiff has filed three separate petitions. One is the lead petition for writ of habeas corpus, the second is a “petition for writ of habeas corpus ad testificandum,” and the third is a “petition for writ of habeas corpus subijicendum.” The second one asks that the plaintiff be brought before the court to give testimony and evidence. The plaintiff was brought before the court on June 5, 2007, and argued his petitions, and thus he received the relief he sought. I treat the lead petition and the third petition as one.

In any event, it is possible to consider a petition for writ of habeas corpus as one seeking declaratory relief. See, e.g., Crocker v. Superintendent, Massachusetts Correctional Institution, Norfolk, 19 Mass.App.Ct. 315 (1985). Accordingly, even if the plaintiff is not entitled to seek a writ of habeas corpus, it is possible to reach the merits of his claims, and I do so.

The second statute on which the plaintiff relies is St. 1993, c. 489, which transferred control over the treatment center from the Department of Mental Health (DMH) to the Department of Correction (DOC). His claim, however, is not clear. At one point he states that St. 1993, c. 489, “caused that part of statutory law, to which was therein section 5 of M.G.L.c. 123A, to be therein repealed . . . Section 5 was therein that section of statutory law to which the plaintiff was so ordered confined.” (Brief in Support of Plaintiffs Motion to Review and Correct Therein the Plaintiffs Civil Commitment to the Massachusetts Treatment Center [Brief], p. 2.) This sounds like an argument related to the one the plaintiff asserts in connection with St. 1990, c. 150, §304, except that St. 1993, c. 489 did not affect G.L.c. 123A, §5, because it had earlier been repealed.
Alternatively, the plaintiff may be claiming that because he was civilly committed to the treatment center at the time it was in the control of DMH, he was effectively committed to the custody and control of DMH; that when DOC assumed control of the treatment center pursuant to St. 1993, c. 489, it never was authorized to assume custody and control of civilly committed persons such as himself; and that accordingly, his continued confinement as a civilly committed person at the treatment center since DMH lost control is unauthorized. (See Brief, pp. 1-3.) If this is indeed the argument the plaintiff makes, it must be rejected. There is no order expressly placing the plaintiff in the custody and control of DMH, and the Tate case makes clear that DOC may permissibly exercise custody and control of SDPs who are committed through the civil SDP process to the treatment center. See Commonwealth v. Tate, 424 Mass. 236, 238-39 (1997).

A copy of this document is attached to this memorandum as Attachment A. [Editor’s Note: Attachment A is not included in the reported opinion.]