Fremont-Smith, Thayer, J.
Third-Party plaintiff, NER Construction Management Corporation (NER) moves for partial summary judgment on its indemnity claim against third-party defendant Mecca Construction Corporation (Mecca). In its opposition to NER’s motion, Mecca argues that the indemnity clause is void under G.L.c. 149, §29C. For the following reasons, NER’s motion for partial summary judgment is ALLOWED.
On November 19, 2001, plaintiff Thomas Leblanc (plaintiff) was injured when he fell from scaffolding, owned by NER, while working at a construction site in Newton. At this time, plaintiff was an employee of Mecca and Mecca was a subcontractor of defendant Walsh Brothers, Inc., the general contractor. NER was *677 also a subcontractor under Walsh Brothers. Prior to plaintiffs injuiy, NER and Mecca signed an agreement whereby Mecca was permitted to use NER’s scaffolding in exchange for Mecca’s promise to indemnify NER in the event someone was injured while using the scaffolding. The agreement states, in pertinent part:
In order to facilitate this construction project and in consideration of allowing employees of the undersigned [i.e., Mecca] access to the use of NER Construction Management, Inc. (hereinafter “NER”) scaffolding, the Undersigned agrees as follows should the Undersigned be allowed to use any scaffolding or facilities, manned or unmanned, gratuitously or otherwise, which are owned, leased or rented by NER, such use is subject to the following conditions: the Undersigned agrees that the scaffolding, and all persons using such scaffolding are under the Undersigned’s exclusive jurisdiction, supervision and control; and, the Undersigned agrees to indemnify and save harmless NER from all claims for death or injuiy to persons made by anyone or any entity, including NER and it’s [sic] employees. The Undersigned’s duty to indemnify and hold NER harmless hereunder shall include all court and/or arbitration costs, filing fees, attorneys fees and costs of settlement.
This agreement is the only contractual relationship between NER and Mecca.

DISCUSSION

The sole issue before the Court is whether the indemnity agreement is void under G.L.c. 149, §29C.

Standard of Law

Summary judgment is appropriate where there is no genuine issue of material fact, and where viewing the evidence in the light most favorable to the nonmov-tag party, the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Opara v. Massachusetts Mut. Life Ins. Co., 441 Mass. 539, 544 (2004). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Comm. Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motor Corp., 410 Mass. 704, 716 (1991). The nonmoving party cannot defeat the motion for summaiyjudgment by resting on his or her pleadings and mere assertions of disputed facts. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).

G.L.c. 149, §29C

Section 29C of Chapter 149 of the General Laws reads as follows:
Any provision for or in connection with a contract for construction, reconstruction, installation, alteration, remodeling, repair, demolition or maintenance work, including without limitation, excavation, backfilling or grading, on any building or structure, whether underground or above ground, or on any real property, including without limitation any road, bridge, tunnel, sewer, water or other utility line, which requires a subcontractor to indemnify any party for injuiy to persons or damage to property not caused by the subcontractor or its employees, agents or subcontractors, shall be void.
In opposing NER’s summaiyjudgment motion, Mecca argues that its agreement with NER falls within the purview of G.L.c. 149, §29C and its indemnity provision is therefore void. NER counters by arguing that the agreement is outside the scope of the statute because it is a use agreement, similar to a lease. Thus, NER argues that the agreement is not a “construction” contract under the statute. NER further argues that the agreement cannot be “in connection with a contract for construction” because there is no construction contract between the parties. The Court agrees with NER and concludes that this is not the iype of contract contemplated by the statute and is thus enforceable under traditional contract principles. See, e.g., Suffolk Const. Co., Inc. v. Lanco Scaffolding Co., Inc., 47 Mass.App.Ct. 726, 729 (1999) (“Contracts that are free from ambiguity must be tateipreted according to their plain terms.”); Sciaba Const. Corp. v. Frank Bean, Inc., 43 Mass.App.Ct. 66, 69 (1997) (a contract provision should be interpreted in accordance with its ordinary meaning).
In interpreting G.L.c. 149, §29C, the Court must turn to “the intent of the Legislature, as evidenced by the language used, and considering the purposes and remedies intended to be advanced.” See Saccone v. State Ethics Comm’n, 395 Mass. 326, 328 (1985). Section 29C was designed to protect subcontractors from accepting unfair indemnity obligations as a product of their unequal bargaining power with general contractors. See Harnois v. Quannapowitt Dev, Inc., 35 Mass.App.Ct. 286, 288 (1993) (Section 29C allows “a shifting of the risk of loss for construction worker’s injuries to the general contractor”). See also S&F Concrete Contractors, Inc. v. Strickland Systems, Inc., Civil No. 933525, (Sup.Ct., April 25, 1995) (Whitehead, J.), 3 Mass. L. Rptr. 617, 1995 WL 808874, *6 (purpose of Section 29C was to “level the playing field between general contractors and subcontractors”). In consideration of this intent to protect subcontractors from oppressive indemnity provisions, it is unlikely that the legislature intended to void the indemnification provision in this case.
To fall within the scope of G.L.c. 149, §29C, an indemnify provision must either: (1) be within a contract for construction; or (2) be in connection with a construction *678 contract. Here, it is clear that the indemnity provision is not contained in a construction contract. Both NER and Mecca are subcontractors without any contractual relationship beyond the use agreement at issue. In this agreement, NER has given Mecca the right to use its scaffolding. In exchange for this right, Mecca has promised to indemnify NER for injuries arising from the use of NER’s scaffolding. This promise to indemnify is the sole consideration for Mecca’s right to use NER’s scaffolding.
Mecca, however, maintains that, because the agreement references a construction project, the contract automatically falls within the scope of G.L.c. 149, §29C, since it is “in connection with a construction contract.” The Court finds this interpretation overly broad. The appellate cases that have held indemnity clauses void dealt with indemnity provisions between general contractors and subcontractors. See, e.g., Sheehan v. Modern Continental/Healy, 62 Mass.App.Ct. 937, 937 (2005); Erland Const. Co., Inc. v. Park Steel Corp., 41 Mass.App.Ct. 30, 32-33 (1996).
Here, there is no construction contract between Mecca and NER. The Court concludes that'the phrase “in connection with a contract for construction” contemplates the existence of some construction contract between the parties. See S&F Concrete, at *5 (“Implicit in the phrase ‘in connection with a contract for construction’ is the requirement that there be an existing construction contract between the would be indemnitor and indemnitee.”).
Moreover, since both Mecca and NER are subcontractors under the same general contractor, the purpose of the statute, discussed above, would not be advanced by refusing to enforce this indemnity clause. This is particularly true in light of the fact that there is no evidence of oppression or economic coercion in the summary judgment record. Thus, the circumstances suggest that this agreement was a product of an arms-length negotiation between parties at comparable bargaining power. The Court concludes that G.L.c. 149, §29C does not apply to the indemnity agreement between Mecca and NER.

ORDER

For the foregoing reasons, it is hereby ORDERED that third-party plaintiff NER’s motion for partial summary judgment is ALLOWED and the indemnity agreement between third-party plaintiff NER and third-party defendant Mecca is enforceable as a matter of law.