STATE ETHICS COMMISSION vs. JOHN DOE.

Suffolk. January 6, 1994. - April 12, 1994.

Present: WILKINS, ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*State Ethics Commission. Subpoena. Administrative Law*, Agency's authority, Adjudicatory proceeding. *Statute*, Construction.

This court affirmed a judgment of the Superior Court denying a request of
the State Ethics Commission for enforcement of its summons, purportedly issued under G. L. c. 268B, § 4, that would have required an individual to testify and to produce documents prior to a determination by
the commission that there was reasonable cause to believe that the conflict of interest or financial disclosure statutes had been violated. [523]
LYNCH, J., with whom NOLAN & O'CONNOR, JJ., joined, was of the
view that the commission's statutory power to issue a summons arises
only after its preliminary inquiry finds probable cause to believe that a
violation has occurred and the commission votes to initiate an adjudicatory proceeding. [524-532] ABRAMS, J., concurred in the order of the
court on the ground that the summons at issue was not limited to the
matters under investigation and thus exceeded the commission's statutory authority. [532-533] GREANEY, J., joined by WILKINS, J.,
dissenting.

CIVIL ACTION commenced in the Superior Court Department on October 12, 1993.

The case was heard by *Regina L. Quinlan*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*Stephanie S. Lovell* (*Andrew Lawlor* with her) for the plaintiff.

*Paul W. Shaw* (*Siobhan M. Sweeney* with him) for the defendant.

BY THE COURT. The judgment of the Superior Court is affirmed.

*So ordered.*

Separate opinions of Justice Lynch, with whom Justices Nolan and O'Connor join; Justice Abrams; and Justice Greaney, with whom Justice Wilkins joins, appear below.

LYNCH, J. (concurring, with whom Nolan and O'Connor, JJ., join). The State Ethics Commission (commission) appeals from a judgment of a Superior Court judge denying its request for an order compelling the defendant to comply with a summons issued by the commission. This court granted the commission's application for direct appellate review. This case raises the question whether the commission may subpoena testimony and the production of documents during a preliminary inquiry prior to a determination by the commission that reasonable cause exists for the belief that the conflict of interest and financial disclosure statutes have been violated.

On June 22, 1993, the commission voted to authorize a preliminary inquiry into allegations that the defendant violated G. L. c. 268A, § 3 (1992 ed.), and G. L. c. 268B, §§ 6 and 7 (1992 ed.) (Massachusetts conflict of interest and financial disclosure laws). On the same day, the commission authorized the issuance of a summons to the defendant. On July 8, 1993, the defendant was notified by letter that he was the subject of a preliminary inquiry conducted by the commission. The preliminary inquiry sought to determine whether the defendant received gratuities of substantial value from lobbyists for John Hancock Mutual Life Insurance Company (John Hancock), and failed to disclose the receipt of said gratuities on his annual statements of financial interest. On September 27, 1993, the defendant was served with a summons requiring him to appear at the commission's offices

at 10 A.M., September 30, 1993, "to testify under oath and produce the following records:

> "For August, 1987 to the present, any and all documents in your possession, custody or control evidencing any expenses incurred by you (or your spouse or guest) in meeting, dining, socializing, traveling, or otherwise dealing with any legislative agent and all documents evidencing how, when and by whom those expenses were paid."

The defendant refused to comply with the commission's summons. Pursuant to G. L. c. 268B, § 4 (*d*) (1992 ed.), the commission filed a complaint requesting an order compelling the defendant to comply. The judge denied the commission's request. In so ruling, the judge reasoned that G. L. c. 268B, § 4 (*d*), did not authorize the commission to issue a summons during a preliminary inquiry. The court today affirms the judge's decision.

*The commission's authority.* The commission asserts that the plain language of G. L. c. 268B, § 4, authorizes the commission to compel testimony or the production of documents in any matter being investigated. In the commission's view, because a preliminary inquiry constitutes an investigation, § 4 permits the commission to issue subpoenas during a preliminary inquiry. According to the commission, the statutory framework evidences that the Legislature intended the preliminary inquiry to investigate fully allegations of wrongdoing and to determine whether there is reasonable cause to believe that a violation occurred. The commission contends that its ability to compel testimony and the production of documents during a preliminary inquiry is an imperative to this legislative purpose. The defendant argues that, by using the term "preliminary inquiry" rather than "investigation," the Legislature did not intend to grant the commission the power to summons during preliminary inquiries. In the defendant's view, § 4 and its legislative history reveal that the commission's power to issue a summons exists only after a

preliminary inquiry finds reasonable cause for belief that a violation has occurred and the commission votes to initiate an adjudicatory proceeding. I agree.

I begin my analysis with the recognition that the commission as a legislative creation has "only the powers, duties and obligations expressly conferred upon it by . . . statute . . . or such as are reasonably necessary . . . [to carry out] the purpose for which it was established." *Saccone* v. *State Ethics Comm'n*, 395 Mass. 326, 335 (1985), quoting *Hathaway Bakeries; Inc.* v. *Labor Relations Comm'n*, 316 Mass. 136, 141 (1944), and cases cited.

The commission was created by St. 1978, c. 210, § 20, and is authorized to "act as the primary civil enforcement agency for violations of all sections of chapter two hundred and sixty-eight A and of [c. 268B]." G. L. c. 268B, § 3 (*i*) (1992 ed.). "[General Laws c. 268B, § 4], entitled '[i]nvestigations by the commission,' merely provides the procedural mechanism and authority to accomplish the duties of the commission as already set out in § 3." *Saccone* v. *State Ethics Comm'n, supra* at 331. General Laws c. 268B, § 4, as most recently amended, in part, provides:

"Investigations by the commission.

"(*a*) Upon receipt of a sworn complaint signed under pains and penalties of perjury, or upon receipt of evidence which is deemed sufficient by the commission, the commission shall initiate a preliminary inquiry into any alleged violation of chapter two hundred and sixty-eight A or this chapter. At the beginning of a preliminary inquiry into any such alleged violation, the general counsel shall notify the attorney general of such action. All commission proceedings and records relating to a preliminary inquiry or initial staff review to determine whether to initiate an inquiry shall be confidential, except that the general counsel may turn over to the attorney general, the United States Attorney or a district attorney of competent jurisdiction evidence which may be

used in a criminal proceeding. The general counsel shall notify any person who is the subject of the preliminary inquiry of the existence of such inquiry and the general nature of the alleged violation within thirty days of the commencement of the inquiry.

"(*b*) If a preliminary inquiry fails to indicate reasonable cause for belief that this chapter or said chapter two hundred and sixty-eight A has been violated, the commission shall immediately terminate the inquiry and so notify, in writing, the complainant, if any, and the person who had been the subject of the inquiry. All commission records and proceedings from any such preliminary · inquiry, or from any initial staff review to determine whether to initiate an inquiry, shall be confidential.

"(*c*) If a preliminary inquiry indicates reasonable cause for belief that this chapter or said chapter two hundred and sixty-eight A has been violated, the commission may, upon a majority vote, initiate an adjudicatory proceeding to determine whether there has been such a violation.

"(*d*) The commission may require by summons the attendance and testimony of witnesses and the production of books, papers and other records relating to any matter being investigated by it pursuant to this chapter or said chapter two hundred and sixty-eight A. Such summons may be issued by the commission only upon a majority vote of the commission and shall be served in the same manner as summonses for witnesses in civil cases . . . . Any justice of the superior court may, upon application by the commission, in his discretion issue an order requiring the attendance of witnesses summoned as aforesaid and the giving of testimony or the production of books, papers and other records before the commission in furtherance of any investigation pursuant to

the provisions of this chapter or said chapter two hundred and sixty-eight A."

Thus, § 4 creates and carefully preserves three distinct stages in the commission's proceedings, i.e., a staff review, a preliminary inquiry, and an adjudicatory proceeding. At the outset, there is an initial staff review or a sworn complaint to decide whether to initiate an inquiry. On the basis of such a complaint or staff recommendation, the commission institutes a preliminary inquiry. If the preliminary inquiry fails to garner sufficient evidence to support reasonable cause to believe that a violation has occurred, the inquiry is terminated. If such reasonable cause exists, the commission may initiate an adjudicatory proceeding. Although the statute grants the commission the power to summons information, the statute is silent on whether this power extends to all stages of the commission's activities. However, G. L. c. 30A, § 12 (1992 ed.), contains explicit and detailed provisions for the issuance of subpoenas at the adjudicatory proceedings stage.

Because the statute is not clear, I examine extrinsic factors to aid in determining its meaning. See *Wilcox* v. *Riverside Park Enters., Inc.*, 399 Mass. 533, 535 (1987). "Our task is to consider the clause at issue in light of the aims and remedies intended to be advanced by the Legislature and as evidenced by other parts of the statute as well." *Quincy City Hosp.* v. *Rate Setting Comm'n*, 406 Mass. 431, 442 (1990), citing *Saccone* v. *State Ethics Comm'n*, *supra* at 328. "Statutes are to be interpreted not based solely on simple, strict meaning of words, but in connection with their development and history, and with the history of the times and prior legislation." *Quincy City Hosp.*, *supra* at 443, citing *Oxford* v. *Oxford Water Co.*, 391 Mass. 581, 588 (1984), and *Murphy* v. *Bohn*, 377 Mass. 544, 548 (1979).

I first look to preexisting statutory law to determine the meaning of the statute in its amended form. The most important factor in construing legislation is understanding the intent of the Legislature (the cause of the statute's enactment, the imperfection it desires to remedy, and the main object it

seeks to accomplish). *Oxford* v. *Oxford Water Co.*, *supra*, quoting *Commonwealth* v. *Welosky*, 276 Mass. 398, 401-402 (1931).

Formerly, § 4 provided:

"(*a*) Upon receipt of a sworn complaint signed under pains and penalties of perjury, or upon receipt of evidence which is deemed sufficient by the commission, the commission shall initiate a preliminary inquiry into any alleged violation of chapter 268A or this chapter. At the beginning of a preliminary inquiry into any alleged violation of chapter 268A or this chapter, the general counsel shall notify the attorney general of such action. All commission proceedings and records relating to a preliminary inquiry shall be confidential, except that the general counsel may turn over to the attorney general, the United States attorney, or a district attorney of competent jurisdiction, evidence which may be used in a criminal proceeding. The general counsel shall notify any person who is the subject of the preliminary inquiry of the existence of such inquiry and the general nature of the alleged violation within thirty days of the commencement of the inquiry.

"(*b*) If a preliminary inquiry fails to indicate reasonable cause for belief that this chapter or chapter 268A has been violated, the commission shall immediately terminate the inquiry and so notify, in writing, the complainant, if any, and the person who had been the subject of the inquiry. All commission records and proceedings from such an inquiry shall remain confidential.

"(*c*) If a preliminary inquiry indicates reasonable cause for belief that this chapter or chapter 268A has been violated, the commission may, upon a majority vote, initiate a full investigation and appropriate proceedings to determine whether there has been such a violation.

> "The commission may require by summons the attendance and testimony of witnesses and the production of books, papers and other records relating to any matter being investigated by it pursuant to this chapter or chapter 268A. Such a summons may be issued by the commission only upon a majority vote of the commission and shall be served in the same manner as summonses for witnesses in civil cases . . . . Any justice of the superior court may, upon application by the commission, in his discretion issue an order requiring the attendance of witnesses summoned as aforesaid and the giving of testimony or the production of books, papers and other records before the commission in furtherance of any investigation pursuant to the provisions of this chapter or chapter 268A."

G. L. c. 268B, § 4 (1984 ed.).[1]

I reject the commission's argument that the earlier version of the statute authorized it to issue summonses during a preliminary inquiry. The differentiation between preliminary inquiry and full investigation, the requirement that reasonable cause be found before a full investigation can be commenced, the restriction of the summons power to matters being investigated with no mention of the power at the preliminary inquiry stage, and the placing of the power to summons after the paragraph dealing with investigations, all point to a legislative intent to limit the power to the full investigation stage of commission proceedings.

At least one commentator interpreted the earlier version of the statute this way. According to Professor Cella, G. L. c. 268B, § 4 (*c*), "expressly provide[d] that where reasonable cause has been found and a full investigation and appropriate proceedings set in motion, the State Ethics Commission 'may require by summons the attendance and testimony of witnesses and the production of books, papers and other records relating to any matter being investigated by it.' "

---

[1] Statute 1986, c. 12, § 5, rewrote § 4.

A. Cella, Administrative Law and Practice § 1490, at 62 (1986). I conclude therefore that, prior to 1986, the statute limited the commission's power to summons to the full investigation stage of its proceedings.

The next task is to determine the impact of the 1986 amendment on the preexisting law. This analysis is guided by the principle that "[i]t is not to be lightly supposed that radical changes in the law were intended where not plainly expressed." *Commonwealth* v. *Germano,* 379 Mass. 268, 273 (1979), quoting *Ferullo's Case,* 331 Mass. 635, 637 (1954). Principally, the amendment added an initial staff review stage to the commission's proceedings, divided subsection (*c*) into two paragraphs, and changed the description of the final stage from "full investigation and appropriate proceedings" to "an adjudicatory proceeding." I do not interpret this revision of § 4 (*c*) as evidencing that the Legislature intended to increase the commission's preexisting authority.

"The general rule is that 'verbal changes in the revision of a statute do not alter its meaning and are construed as a continuation of pre-existing law in the absence of some accompanying report of revisers or other indication showing an express purpose to change the substance of the law.' *Derinza's Case,* 229 Mass. 435, 442 (1918). . . . While changes in wording in a revision 'may be so violent as to take them out of the general rule . . . [t]he present case falls within the general rule.' *Neiss* v. *Burwen,* 287 Mass. 82, 96 [1934]." *Town Crier, Inc.* v. *Chief of Police of Weston,* 361 Mass. 682, 686-687 (1972). Here, by inserting the language "adjudicatory proceeding," the Legislature clarified precisely what it had intended through its earlier language. The Legislature has carefully defined the concept of an adjudicatory proceeding.[2] See G. L. c. 30A, § 1 (1) (1992 ed.). Through the 1986 amendment the Legislature specifically defined what it

---

[2] "'Adjudicatory proceeding' means a proceeding before an agency in which legal rights, duties or privileges of specifically named persons are required by constitutional right or by any provision of the General Laws to be determined after opportunity for an agency hearing. . . ." G. L. c. 30A, § 1 (1) (1992 ed.).

intended to occur once a preliminary inquiry has found reasonable cause; it did not alter the legislative preconditions to the commission's exercise of its summons power.

I find support for my construction of this statute in G. L. c. 268B, § 7. Section 7 punishes "[a]ny person who willfully affirms or swears falsely in regard to any material matter before a commission proceeding under paragraph (c) of section four of [c. 268B]." Reading this section with § 4, I note that this penalty attaches if, after a preliminary inquiry finds reasonable cause, a person testifies falsely. That the Legislature predicated the application of this penalty to cases where there was a finding of reasonable cause adds a logical consistency to my reading of the statute. In addition the belief that reasonable cause should exist before the government intrudes on a citizen's rights is endemic to our concept of well-ordered liberty. See *Commonwealth* v. *Doe*, 408 Mass. 764, 768-769 (1990).

This court's decision in *Massachusetts Comm'n Against Discrimination* v. *Liberty Mut. Ins. Co.*, 371 Mass. 186 (1976), is not to the contrary. In that case the court ruled that subpoena power existed in regard to any matter under investigation by the Massachusetts Commission Against Discrimination (MCAD). G. L. c. 151B, §§ 3 (6) and 3 (7). By statute the MCAD had the power "[t]o receive, investigate, and pass upon complaints of unlawful practices." G. L. c. 151B, § 3 (6). The statute also empowered the MCAD "[t]o hold hearings, subpoena witnesses, compel their attendance, administer oaths, take the testimony of any person under oath, and in connection therewith, to require the production for examination of any books or papers relating *to any matter under investigation or in question before the [MCAD]*" (emphasis supplied). *Id.* at 189. See G. L. c. 151B, § 3 (7). The defendant insurance company had argued for a restrictive reading of the statute that would have limited the power to the hearing stage. *Id.* at 190. That reading of the statute essentially ignored the words emphasized above relating to matters under investigation. *Id.* Furthermore, the MCAD statute did not refer in any way to a "pre-

liminary inquiry," nor was the court faced with the peculiar legislative history that is before the court here. The two statutes are very different in wording, history, and purpose.

It should be kept in mind that, by requiring reasonable cause before a summons may issue, the Legislature has not imposed an onerous burden on the commission. It is the commission's determination in the first instance and analogous decisions demonstrate that the standard is easily met. See *Care & Protection of Robert*, 408 Mass. 52, 63-64 (1990). The statute, as I interpret it, merely recognizes that, before a citizen may be forced to produce personal records and documents for scrutiny by the nameless, faceless agents of government, there ought to be demonstrated on the record a reasonable basis for assuming that the citizen has done something wrong.

ABRAMS, J. (concurring). I concur in the court's order, but I do so for a different reason from that stated in Justice Lynch's opinion. I agree with the dissent that the commission has the power to issue a summons for "any matter being investigated." The commission's summons, however, is not limited to the matter being investigated. See note 2, *infra*. I therefore conclude that the summons should be quashed because it exceeds the commission's statutory authority.

The Superior Court judge's uncontested recitation of the allegations which underlie the preliminary inquiry[1] states

---

[1]"Pursuant to [G. L. c.] 268B, § 4, and [§] 3 of the Commission's Enforcement Procedures, I am notifying you that the State Ethics Commission voted at its June 22, 1993 meeting to initiate a Preliminary Inquiry into whether, *between January 1, 1990 and the present*, you: (a) violated § 3(b) of G. L. c. 268A by accepting items of substantial value from John Hancock Mutual Life Insurance Company, its lobbyists and/or any other lobbyist; (b) violated § 6 of G. L. c. 268B by accepting gratuities from John Hancock Insurance aggregating more than $100 in value in one calendar year; (c) violated § 7 of G. L. c. 268B by failing to disclose on your [statements of financial interest] your receipt of $100 or more in the aggregate in one calendar year from a person having business before the Legislature; and (d) any other related allegations of violations of G. L. c. 268A and c. 268B" (emphasis added).

that: "According to the Commission, . . . Doe is alleged to have accepted gratuities of substantial value from lobbyists for John Hancock Mutual Life Insurance Company ('John Hancock'). The particular allegations include the following: On July 17, 1992, lobbyist William Sawyer paid $92.00 for . . . Doe's golf and entertainment expenses and that he also paid $395.00 for . . . Doe and his guest's dinner and entertainment during . . . Doe's December 8-12, 1992 stay in Puerto Rico to attend a Council on State Government Conference and that he also paid $85.00 for . . . Doe and his guest's dinners on March 10, 1993. The Commission also obtained information that John Hancock lobbyist Ralph Scott paid approximately $215.00 for golf, meal and entertainment expenses for Doe on eleven specified dates."

The commission initiated the preliminary inquiry to determine whether Doe had committed any violations of G. L. c. 268A or c. 268B "between January 1, 1990 and the present." The judge states in her statement of facts that the matter being investigated occurred in 1992 and 1993 and concerns John Hancock's lobbyists. Where then does the commission get the authority to issue a summons[2] for 1987, 1988, 1989, 1990, and 1991? Where then does the commission get its authority to issue a summons seeking Doe's records concerning any legislative agent? Certainly not from the statute.

I join in the court's order because I think it is unfair to require Doe to go to the Superior Court and again ask that the summons be quashed. Requiring public officials to go to court and ask that a summons be quashed destroys any semblance of confidentiality. It is unfair to put that burden on Doe when, in fact, it is the agency which is abusing its subpoena power. For that reason, I join in the court's order upholding the judge's quashing of the summons.

---

[2]"*For August, 1987, to the present*, any and all documents in your possession, custody or control evidencing any expenses incurred by you (or your spouse or guest) in meeting, dining, socializing, traveling, or otherwise dealing with *any* legislative agent and all documents evidencing how, when and by whom those expenses were paid" (emphasis added).

GREANEY, J. (dissenting, with whom Wilkins, J., joins). The three Justices who deny the enforcement of the commission's summons because of lack of authority to issue it acknowledge, *ante* at 525-527, that (1) the commission is "the primary civil enforcement agency for violations of all sections of chapter two hundred and sixty-eight A and of [c. 268B]," G. L. c. 268B, § 3 (1992 ed.); (2) under G. L. c. 268B, § 4 (1992 ed.), the commission possesses the powers stated therein and "such [other powers] as are reasonably necessary . . . [to carry out] the purpose for which it was established," *Saccone* v. *State Ethics Comm'n*, 395 Mass. 326, 335 (1985), quoting *Hathaway Bakeries, Inc.* v. *Labor Relations Comm'n*, 316 Mass. 136, 141 (1944); and (3) the statute, in § 4 (*d*), expressly confers on the commission power to issue a summons with regard to "any matter being investigated." Despite these facts, the three Justices perceive an ambiguity in § 4, and reason from "extrinsic facts" that the commission lacks power to issue a summons at the preliminary inquiry stage. I disagree.

Both the present and pre-1986 versions of G. L. c. 268B, § 4, which is entitled "[i]nvestigations by the commission" authorize it to conduct a "preliminary inquiry" after initial staff review of a sworn complaint or other reliable evidence discloses a basis in fact for such an inquiry. The term "inquiry" in this context can only mean "a formal or official investigation of a matter of public interest by a body ([such] as a legislative committee) with power to compel testimony." Webster's Third New Int'l Dictionary 1167 (1961). See American Heritage Dictionary of the English Language 932 (3d ed. 1992) ("inquire" means "[t]o make an inquiry or investigation"). See also *Massachusetts Comm'n Against Discrimination* v. *Liberty Mut. Ins. Co.*, 371 Mass. 186, 189-193 (1976) (rejecting challenge very similar to one made here which sought to restrict Massachusetts Commission Against Discrimination's authority to summons solely to adjudicatory hearing); *Craven* v. *State Ethics Comm'n*, 390

Mass. 191, 199 (1983) (referring to preliminary inquiry by commission as "preliminary investigation"). Section 4 (*d*) confers on the commission power to issue a summons in connection with "any matter being investigated." In my view, the language and structure of § 4 indicate that the power to summons is present here, a result supported by at least two other considerations.[1] First, a contrary conclusion renders § 4 (*d*) superfluous since the commission, as an administrative agency, already has power, under G. L. c. 30A, § 12 (1992 ed.), to issue a summons in connection with an adjudicatory proceeding. Second, a contrary conclusion places a public official like the respondent at risk of being compelled to disclose at a public adjudicatory hearing information which is otherwise deemed by § 4 (*b*) to be confidential, and in connection with allegations that might ultimately be found by the commission to be insubstantial or groundless. I would uphold the commission's position on its power to issue a summons during a preliminary inquiry.

On this record, I also would not invalidate the summons served on the respondent as overbroad. That issue was not raised by the respondent in the Superior Court in his response to the commission's enforcement request, despite his assertion of multiple grounds contesting enforcement, and the issue has not been briefed or argued here. It is clearly a collateral point which should be first taken up in the Superior Court.

---

[1]Section 7 of G. L. c. 268B (1992 ed.) is not inconsistent with the view that the commission has subpoena power at the preliminary inquiry stage. Section 7 should be read to further the purpose of the commission's investigative powers and permit it to receive reliable information at both the inquiry and adjudicatory stages of its proceedings.