JOHN DOE vs. STATE ETHICS COMMISSION.

Suffolk. April 5, 2005. - May 18, 2005.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, & CORDY, JJ.

*State Ethics Commission. Subpoena. Administrative Law,* Agency's authority. *Statute,* Construction.

Discussion of the statutory scheme that authorizes the State Ethics Commission to identify and seek redress for ethics violations by public officials in the Commonwealth. [271-272]

This court concluded that under G. L. c. 268B, § 4(*d*), the State Ethics Commission (commission) may compel an individual who is the subject of a preliminary inquiry into allegations of wrongdoing to appear before the commission and to testify, confidentially and under oath, regarding the allegations. [272-278]

CIVIL ACTION commenced in the Superior Court Department on August 18, 2003.

The case was heard by *Charles M. Grabau,* J.

The Supreme Judicial Court granted an application for direct appellate review.

*Paige Scott Reed & Walter B. Prince* for the plaintiff.

*Diane M. Meibaum,* Special Assistant Attorney General (*Peter Sturges,* Special Assistant Attorney General, with her) for the defendant.

*Richard L. Neumeier,* for Common Cause of Massachusetts, amicus curiae, submitted a brief.

GREANEY, J. General Laws c. 268B, § 4 (*d*), provides that the State Ethics Commission (commission) "may require by summons the attendance and testimony of witnesses and the production of books, papers, and other records relating to any matter being investigated by it pursuant to [G. L. c. 268B] or [G. L. c. 268A]." We granted the commission's application for direct appellate review in this case to consider, for the second time, whether the language quoted above authorizes the commission

to compel an individual who is the subject of a preliminary inquiry into allegations of wrongdoing to appear before the commission and to testify, confidentially and under oath, regarding the allegations. In *State Ethics Comm'n* v. *Doe*, 417 Mass. 522 (1994) (*Doe I*), the court was presented with the identical issue and, although the court concluded that the commission was not authorized to issue the summons challenged in that case, the court was evenly divided on the question whether the commission's authority to issue a summons generally extends to the preliminary inquiry stage of an investigation. Divided no longer, we now answer that question in the affirmative.

1. We first recite the relevant facts of the case before us. The commission received allegations that the plaintiff violated the Commonwealth's conflict of interest laws, G. L. c. 268A, and financial disclosure laws, G. L. c. 268B, during and after his public service career.[1] After an initial staff review of the allegations, the commission voted, on June 18, 2003, to initiate a preliminary inquiry into the matter. The commission notified the plaintiff, by letter, of the substance of the allegations against him. As part of its inquiry, on July 25, the commission voted to issue a summons requiring the plaintiff to appear at the commission's offices on August 7, to testify, confidentially and under oath, with respect to the allegations being investigated. The plaintiff did not comply with the summons and, on August 19, filed a motion to quash the summons on the ground that the commission lacked the statutory authority to issue it.[2] In response, the commission filed a counterclaim and cross motion seeking an order compelling the plaintiff to comply with the

---

[1]Because the investigation has not evolved beyond the preliminary inquiry stage, details of the allegation and the plaintiff's real name must remain confidential. See G. L. c. 268B, § 4 (*a*) and (*b*); G. L. c. 268B, § 7.

[2]We are not asked to decide whether the plaintiff's failure to seek relief from the subpoena in a timely fashion constitutes a waiver of his objections. See Mass. R. Civ. P. 45 (d), as amended, 399 Mass. 1214 (1983) (requiring person to whom subpoena is directed to raise objections "within 10 days after the service" or "before the time specified . . . for compliance"). See also G. L. c. 268B, § 4 (*d*) (providing that "all provisions of law relative to summonses issued in [civil] cases . . . shall apply to summonses issued by the commission").

summons.[3] Following a hearing, a judge in the Superior Court concluded that the commission has the power to issue a summons during a preliminary inquiry under G. L. c. 268B, § 4, and that the summons, therefore, was lawfully issued. Accordingly, the judge denied the plaintiff's motion to quash and allowed the commission's motion to compel the plaintiff's appearance. The plaintiff appealed from the judgment entered on the decision, and we granted direct appellate review.

2. Before examining the merits, it is helpful to place the commission's authority to summons under G. L. c. 268B, § 4 (d), within the context of the statutory scheme that authorizes the commission to identify and seek redress for ethics violations by public officials in the Commonwealth. The commission is the primary civil enforcement agency for violations of the conflict of interest law, G. L. c. 268A, and the financial disclosure law, G. L. c. 268B. See G. L. c. 268B, § 3. Section 4 of G. L. c. 268B, entitled "[i]nvestigations by the commission," sets forth the powers and procedures by which the commission investigates alleged ethics violations.

An investigation by the commission occurs in three distinct stages. An initial staff review begins with the commission's receipt of allegations that violations of G. L. c. 268A or G. L. c. 268B have occurred. See G. L. c. 268B, § 4 (a). If there has been a sworn complaint alleging violations, or if the commission deems that unsworn allegations are supported by sufficient evidence to warrant a more in-depth inquiry, it may authorize a preliminary inquiry into the alleged violations. See id. The purpose of a preliminary inquiry is to obtain sufficient evidence to determine whether there is reasonable cause to believe that a violation of G. L. c. 268A or G. L. c. 268B has occurred. The commission's general counsel must notify the Attorney General of the commencement of a preliminary inquiry, and, when appropriate, may provide the Attorney General, the United States attorney, or a district attorney of competent jurisdiction evidence

---

[3]On the request of both parties, the judge ordered the impoundment of all pleadings, motions, or memoranda that identify the subject, or the alleged violations of G. L. c. 268A or G. L. c. 268B, unless otherwise ordered.

that may be used in a criminal proceeding.[4] See *id.* All of the commission's records and proceedings from a preliminary inquiry, or from any initial staff review to determine whether to initiate an inquiry, are otherwise confidential. See G. L. c. 268B, § 4 (*a*) and (*b*).

In cases where a preliminary inquiry fails to establish reasonable cause to believe that a violation has occurred, § 4 (*b*) directs that the commission "shall immediately terminate the inquiry and so notify, in writing, the complainant, if any, and the person who had been the subject of the inquiry." In cases, however, where the preliminary inquiry indicates reasonable cause to believe that there has been a violation, § 4 (*c*) directs that the commission "may, upon a majority vote, initiate an adjudicatory proceeding to determine whether there has been such a violation." Section 4 (*e*) broadly authorizes any member of the commission to administer oaths and to hear testimony or receive evidence in "any proceeding" before the commission. Subsequent subsections of § 4 deal specifically with an "adjudicatory proceeding" before the commission, see § 4 (*f*)-(*j*) (setting forth mechanics whereby adjudicatory proceedings take place), in which the commission determines, by a preponderance of the evidence, whether the accused individual did in fact violate the conflict of interest or financial disclosure laws. See *Craven* v. *State Ethics Comm'n*, 390 Mass. 191, 200 (1983). Finally, § 4 (*k*) provides for judicial review of any final action taken by the commission pursuant to G. L. c. 268B. With the commencement of formal adjudicatory proceedings, confidentiality provisions no longer apply, and the commission's proceedings are conducted in public. See G. L. c. 268B, § 4 (*h*).

3. We now turn to the pertinent language of G. L. c. 268B, § 4 (*d*), which provides that the commission "may require by summons the attendance and testimony of witnesses and the production of books, papers and other records *relating to any matter being investigated* by it pursuant to this chapter or [G. L. c. 268A]. . . . Any justice of the superior court may, upon application by the commission, in his discretion issue an order requiring the attendance of witnesses summoned as aforesaid

---

[4]The commission has no power criminally to enforce the conflict of interest or the financial disclosure law. See G. L. c. 268B, § 3.

and the giving of testimony . . . before the commission *in furtherance of any investigation* pursuant to the provisions of this chapter or [G. L. c. 268A]" (emphasis added). The statutory language is expansive. The phrases "any matter being investigated" and "any investigation" signal the Legislature's intention that the commission's summons power attach to all matters under investigation by the commission, without differentiating between the preliminary inquiry (prior to determination of reasonable cause) and the adjudicatory proceeding (after determination of reasonable cause). In direct contrast, specific references to "an adjudicatory proceeding" in § 4 (*f*)-(*j*) express a clear intention to limit the rights and duties set forth therein to adjudicatory proceedings only. There can be no question, for example, that the right of parties to call and examine witnesses, introduce exhibits, cross-examine witnesses who testify, submit evidence, and be represented by counsel apply solely to adjudicatory hearings and not to preliminary inquiries.

As was pointed out in *Doe I*, "[t]he term 'inquiry' in this context can only mean 'a formal or official investigation of a matter of public interest by a body ([such] as a legislative committee) with power to compel testimony.' Webster's Third New Int'l Dictionary 1167 (1961). See American Heritage Dictionary of the English Language 932 (3d ed. 1992) ('inquire' means '[t]o make an inquiry or investigation'). See also *Massachusetts Comm'n Against Discrimination* v. *Liberty Mut. Ins. Co.*, 371 Mass. 186, 189-193 (1976) (rejecting challenge very similar to one made here which sought to restrict Massachusetts Commission Against Discrimination's authority to summons solely to adjudicatory hearing); *Craven* v. *State Ethics Comm'n*, 390 Mass. 191, 199 (1983) (referring to preliminary inquiry by commission as 'preliminary investigation')." *Doe I, supra* at 534-535 (Greaney, J., dissenting, with whom Wilkins, J., joined). In short, inquiry and investigation are synonymous terms, and consequently, we fail to perceive the ambiguity argued by the plaintiff in the commission's authority, pursuant to § 4 (*d*), to issue a summons in connection with "any matter being investigated."

Our conclusion on this point finds further support in the legislative history of the statute. Prior to 1986, G. L. c. 268B, § 4 (*c*), inserted by St. 1978, c. 210, § 20, provided:

"If a preliminary inquiry indicates a reasonable cause for belief that this chapter or [G. L. c. 268A] has been violated, the commission may, upon a majority vote, initiate a full investigation and appropriate proceedings to determine whether there has been such a violation.

"The commission may require by summons the attendance and testimony of witnesses and the production of books, papers and other records relating to any matter being investigated by it pursuant to this chapter or [G. L. c. 268A]. . . . Any justice of the superior court may, upon application by the commission, in his discretion issue an order requiring the attendance of witnesses summoned as aforesaid and the giving of testimony or the production of books, papers and other records before the commission in furtherance of any investigation pursuant to the provisions of this chapter or [G. L. c. 268A]."

In 1986, the Legislature enacted St. 1986, c. 12, which became effective immediately.[5] Section 5 of c. 12 rewrote § 4 (c) of the statute, essentially replacing the post-reasonable cause "investigation and appropriate proceedings" with "an adjudicatory proceeding" as is in effect in § 4 (c) today. The plaintiff contends that the Legislature's previous reference to "investigation and appropriate proceedings" supports his limited

[5]In *Saccone* v. *State Ethics Comm'n*, 395 Mass. 326 (1985), the court concluded that the commission lacked the statutory authority to enforce the provisions of G. L. c. 268A, § 23 (establishing supplemental standards of conduct for all State, county, and municipal employees, violations of which warranted administrative action). The court's conclusion was based on its understanding that the Legislature intended the expansive language contained in G. L. c. 268B, § 4, then in effect, to authorize the commission to carry out only those duties already set forth in § 3. See *id.* at 330-332. Because § 3 (*i*) referred only to violations of sections specified in §§ 9 and 15 of G. L. c. 268A, and because (unlike §§ 2-8 and §§ 11-14), § 23 contained no criminal sanctions, the court reasoned that the commission's enforcement jurisdiction extended only to violations of sections specified in G. L. c. 268A, §§ 9 and 15, and violations of G. L. c. 268B. See *id.* The *Saccone* decision was issued on July 9, 1985. The Attorney General asserts in the commission's brief that, immediately thereafter, the commission began working with the Legislature on amendments to clarify that the commission was the civil enforcement agency for *all* sections of G. L. c. 268A and G. L. c. 268B, as well as to delineate more precisely the three stages (initial staff review, preliminary inquiry, and adjudicatory proceeding) of an investigation by the commission.

reading of the commission's authority to issue summonses regarding "any matter being investigated," or a judge's authority to order an individual, or individuals, to obey such a summons "in furtherance of any investigation" of the commission. We decline the plaintiff's invitation to attach significance to a term that the Legislature deliberately removed from the statute. See *Fafard* v. *Lincoln Pharmacy of Milford, Inc.,* 439 Mass. 512, 515 (2003). We do ascribe importance, however, to the Legislature's transfer, in the 1986 amendments, of the language authorizing the commission to summons, from its former position within subsection (c), providing for an "investigation and appropriate proceedings" after the commission found reasonable cause to proceed, into a wholly rewritten subsection (d). The new § 4 (d) deals only with the commission's authority to summons and (unlike all other subsections of § 4 with the exception of [e]) contains no precise language with regard to whether the commission's investigation is a formal public adjudicatory hearing or is still at the confidential preliminary inquiry stage. We conclude that the clear statutory language of § 4 (d), together with its independent position within the statutory scheme, leaves no logical room for uncertainty as to the Legislature's intended meaning.[6] It is worth noting as well that a contrary conclusion would render § 4 (d) entirely superfluous.

[6]The concurring opinion of three Justices in *State Ethics Commission* v. *Doe,* 417 Mass. 522 (1994) (*Doe I*), quoted the authority of one commentator in the field of administrative law, who interpreted the pre-1986 version of the statute expressly to "provide[] that where reasonable cause has been found and a full investigation and appropriate proceedings set in motion, the State Ethics Commission 'may require by summons the attendance and testimony of witnesses and the production of books, papers and other records relating to any matter being investigated by it.' " *Id.* at 529-530 (Lynch, J., concurring, with whom Nolan and O'Connor, JJ., joined), quoting A. Cella, Administrative Law and Practice § 1490, at 62 (1986). The current supplement to the text relied on by our former colleagues sheds no light on the issue before us. The authors acknowledge only that the *Doe I* court "found no evidence that the Legislature intended the revision of [G. L.] c. 268B, § 4 (c), now located at [G. L.] c. 268, § 4 (d), to increase the [c]ommission's preexisting authority." A. Cella, Administrative Law and Practice 14 n.11 (Supp. 2005). Without regard to limitations that may have existed under the pre-1986 version (a matter we are not called on to decide), what is stated above ends the debate over the scope of the commission's broad authority to summons under the current wording of § 4 (d). The Legislature, of course, is free to enact more stringent limitations if it deems it appropriate.

As an administrative agency, the commission already has the authority, under G. L. c. 30A, § 12, to issue a summons in connection with an adjudicatory proceeding. Cf. *Associated Subcontr. Actors of Mass., Inc.* v. *University of Mass. Bldg. Auth.*, 442 Mass. 159, 167 n.11 (2004).

The plaintiff asserts that a finding of reasonable cause is not a heavy burden to satisfy. He argues, therefore, that an interpretation of § 4 (*d*) that would require the commission to reach such a finding prior to the issuance of a summons would not in any way thwart the commission's effectiveness. The plaintiff further contends that limiting the commission's authority to summons witnesses (e.g., a subject's present or former employers) or compel production of records and documents from a subject's public or private sector jobs would protect the confidential nature of the commission's business. According to the plaintiff, a contrary interpretation "would open the door for the [c]ommission to use its summons authority to go on a fishing expedition without a legitimate belief that allegations against a current or former public servant have substance." The plaintiff's arguments are unpersuasive.[7]

A preliminary investigation and an adjudicatory hearing are two very distinct legal proceedings. The first generally refers to a nonjudicial fact finding conducted by an administrative agency seeking to gather evidence that may be used in future proceedings. It is largely on the record developed by the preliminary investigation on which an agency bases its decisions regarding appropriate future agency action. An "[a]djudicatory proceeding," on the other hand, is "a proceeding before an agency in which the legal rights, duties or privileges of specifically named persons are required by constitutional right

---

[7]The court rejected a similar line of reasoning in *Massachusetts Comm'n Against Discrimination* v. *Liberty Mut. Ins. Co.*, 371 Mass. 186, 189-193 (1976). The defendant in that case challenged the authority of the Massachusetts Commission Against Discrimination (MCAD) to subpoena witnesses during the investigation stage of a MCAD proceeding. By statute, the MCAD was empowered to "hold hearings, subpoena witnesses, compel their attendance, administer oaths, take the testimony of any person under oath, and in connection therewith, to require the production for examination of any books or papers relating to *any matter under investigation or in question before the [MCAD]*" (emphasis supplied). *Id.* at 189, quoting G. L. c. 151B, § 3 (7).

or by any provision of the General Laws to be determined after opportunity for an agency hearing." G. L. c. 30A, § 1 (1). It is, in essence, a forum for the determination of rights. See *Collective Bargaining Reform Ass'n* v. *Labor Relations Comm'n*, 436 Mass. 197, 203 (2002). The commission's effectiveness depends in large part on its ability to gather sufficient credible evidence at the preliminary inquiry stage to enable it to decide whether there is reasonable cause to initiate public proceedings against an alleged wrongdoer or whether to close a case, the confidentiality of the subject matter remaining intact. Without the authority to issue summonses during the preliminary inquiry stage of its work, the commission has no means to gather reliable evidence. Under the plaintiff's argument, the commission would necessarily be forced to make the critical decision ignorant of the full extent of the evidence, which might later disclose serious violations not uncovered during the preliminary inquiry stage, or potential defenses that cast doubt on a finding of reasonable cause.[8]

The Legislature placed numerous safeguards in G. L. c. 268B to protect subjects from "fishing expeditions" and unfounded political accusations. See G. L. c. 268B, § 2 (*a*) and (*b*) (commission is bipartisan body with three different appointing bodies; no more than three members may be from same political party; no more than two of Governor's appointees may be from same political party); G. L. c. 268B, § 4 (*a*) (subject must be given written notice of preliminary inquiry within thirty days of initiation); § 4 (*d*) (majority vote of commission needed to issue summons; judge has discretion whether to issue order compelling witness to appear); § 4 (*c*) (adjudicatory proceeding initiated only on majority vote). The Legislature was so concerned that alleged violations not be publicly aired until after a finding of reasonable cause that it established serious criminal penalties for breaching the confidentiality of a com-

---

[8]In addition to the powers, duties and obligations expressly conferred by statute, we have noted that the commission also has powers "such as are reasonably necessary . . . [to carry out] the purpose for which it was established." *Saccone* v. *State Ethics Comm'n*, 395 Mass. 326, 335 (1985), quoting *Hathaway Bakeries, Inc.* v. *Labor Relations Comm'n*, 316 Mass. 136, 141 (1944). Thus, were the commission's broad powers to summons not clearly conferred by § 4 (*d*), they could reasonably be inferred.

mission's initial staff review and preliminary investigation. See G. L. c. 268B, § 7 (any person who violates confidentiality of commission inquiry under § 4 [a] "shall be punished by a fine of not more than one thousand dollars or by imprisonment for not more than one year, or both"). The above provisions protect the plaintiff from any "inappropriate and unnecessary" intrusions into his privacy. The position argued by the plaintiff would allow adjudicatory proceedings to take place before the commission has access to relevant evidence regarding the merits of allegations of wrongdoing. Forcing accused public employees, present or former (such as the plaintiff), and other witnesses, to testify in a public forum regarding charges brought on an incomplete factual record would, in fact, diminish privacy interests of public employees, see *Matter of the Enforcement of a Subpoena*, 436 Mass. 784, 795-796 (2002), and further compound the anomaly that the plaintiff's reading of the statute creates.

4. The judgment allowing the commission's motion for an order compelling the plaintiff to comply with its summons, and denying the plaintiff's motion to quash the summons, is affirmed.

*So ordered.*