STATE ETHICS COMMISSION *vs.* JANE DOE.

No. 06-P-325.

Suffolk. November 13, 2006. - January 22, 2007.

Present: RAPOZA, C.J., ARMSTRONG, & DREBEN, JJ.

*State Ethics Commission. Subpoena.*

In an appeal from a judgment requiring the defendant, the subject of a
preliminary inquiry by the State Ethics Commission (commission), to
produce certain materials in response to a summons issued by the commis-
sion, there was no merit to the defendant's argument that the summons
was invalid on procedural grounds [99]; further, a judge in the Superior
Court did not abuse his discretion in issuing a protective order precluding
the defendant from any discovery during the preliminary inquiry phase of
the proceeding [99-102].

CIVIL ACTION commenced in the Superior Court Department on
March 8, 2005.

Motions for a protective order and for an order compelling
compliance with a summons were heard by *Thomas A. Con-
nors*, J., and entry of final judgment was ordered by *Charles T.
Spurlock*, J.

*Thomas R. Kiley* for the defendant.

*Diane M. Meibaum*, Special Assistant Attorney General, for
the plaintiff.

DREBEN, J. Jane Doe is the subject of a preliminary inquiry by
the State Ethics Commission (commission) into allegations of
wrongdoing.[1] The commission issued a summons requiring her
to produce certain materials, and when she refused, the com-
mission sought and obtained a judgment in the Superior Court
requiring her to comply with the summons. This is an appeal by

[1]The real name of the defendant must remain confidential during the
preliminary inquiry stage. *Doe* v. *State Ethics Commn.*, 444 Mass. 269, 270
n.1 (2005).

Doe from that judgment and from a protective order precluding her from any discovery during the preliminary inquiry phase of the proceeding. We affirm.

1. *Summons issued by the commission.* Doe acknowledges that the commission may issue such summonses. *Doe* v. *State Ethics Commn.*, 444 Mass. 269, 270 (2005) (*Doe*). She claims, however, that the order compelled compliance with an invalid summons as it was not issued by a majority of the commission as required by G. L. c. 268B, § 4(*d*). Her argument is based on the fact that the original summons, voted unanimously by the members of the commission, demanded that she produce treatment and billing records for seven individuals from March 1, 1998, to the present. The enforcement division chief narrowed the request to treatment and billing records for two of those persons for the same period. It was this narrowed summons and not the summons originally issued by the commission that the judge ordered enforced. The defendant claims that she has not been afforded the safeguards of G. L. c. 268B, § 4(*d*), see *Doe*, 444 Mass. at 277, because the decision to narrow the subpoena was made by the enforcement division chief and not by the commissioners themselves. We consider the argument to be without merit. The summons that demanded records of seven persons of necessity included a vote to produce the records of the two persons named in the judge's order. There is no prejudice to the defendant in the reduction of the materials demanded nor any violation of the statutory requirement.[2]

2. *Discovery at preliminary investigatory stage of the proceedings.* The defendant points to the safeguards of the statute against " 'fishing expeditions' and unfounded political accusations" listed in *Doe*, 444 Mass. at 277, which include a provision giving the judge discretion in determining whether to enforce the summons. Without discovery, the defendant argues, "the subject of a summons issued during a preliminary inquiry brought by the commission is incapable of providing the court

[2]At the hearing in the Superior Court, the defendant also challenged the scope of the summons, arguing, among other things, that the period covered extended beyond the period of limitations. On appeal, she expressly states that the reasonableness of the summons is not in issue.

with the information necessary to exercise this sound discretion."

The scope of discovery sought by the defendant,[3] allegedly for purposes of the exercise of discretion by the judge, indicates a serious misunderstanding of the purpose of the commission's preliminary investigation. As stated in *Doe, supra* at 277:

> "The commission's effectiveness depends in large part on its ability to gather sufficient credible evidence at the preliminary inquiry stage to enable it to decide whether there is reasonable cause to initiate public proceedings against an alleged wrongdoer or whether to close a case, the confidentiality of the subject matter remaining intact. Without the authority to issue summonses during the preliminary inquiry stage of its work, the commission has no means to gather reliable evidence."

The defendant's argument for broad discovery is refuted by, or at least is inconsistent with, the *Doe* court's explicit rejection of the claim made in that case that the commission could not issue a summons "without a legitimate belief that allegations against a current or former public servant have substance." *Id.* at 276.

The discovery sought by the defendant is also inconsistent with the Legislature's deep concern for privacy referred to in *Doe.* See *id.* at 277-278. Section 4(*a*) of G. L. c. 268B, as amended by St. 1986, c. 12, § 5, states, in relevant part: "All commission proceedings and records relating to a preliminary inquiry or initial staff review to determine whether to initiate an inquiry shall be confidential . . . ."[4] Although discovery would not affect the privacy of the defendant, discovery may compromise the privacy of witnesses or others. Contrary to the

---

[3]She included, inter alia, the following interrogatories:

> "17. Identify any statements or testimony, whether oral or in written form, that were relied on by [the commission] in determining that allegations against the Defendant were supported by sufficient evidence.

> "18. Identify any statements or testimony, whether oral or in written form, concerning the allegations against the defendant that were not relied on by [the commission] in determining that the allegations were supported by sufficient evidence."

[4]There is an exception for informing law enforcement personnel.

defendant's contention, redaction of names may be insufficient to hide the identity of informants and others.

We note that Federal courts do not look with favor upon discovery requests in the context of an administrative subpoena enforcement proceeding. They, like our appellate courts, are not inclined to reverse the denial of discovery by a judge for anything but an abuse of discretion. See *United States* v. *Comley*, 890 F.2d 539, 543 (1st Cir. 1989). "The Circuits appear to agree that the summary nature of enforcement proceedings must be preserved by limiting discovery." *United States* v. *Markwood*, 48 F.3d 969, 983 (6th Cir. 1995). Discovery is generally disallowed in such contexts absent "extraordinary circumstances." *United States* v. *Comley, supra.* See, e.g., *Securities & Exchange Commn.* v. *Howatt*, 525 F.2d 226, 229-230 (1st Cir. 1975) ("appellants may not litigate questions having to do with the application and coverage of the federal securities laws before responding to subpoenas designed to produce the very information that may be needed to shed light upon those questions"); *United States* v. *Aero Mayflower Transit Co.*, 831 F.2d 1142, 1147 (D.C. Cir. 1987) (courts must exercise caution in granting discovery lest enforcement proceedings be transformed into exhaustive inquisitions into the practices of the agency); *University of Med. & Dentistry of N.J.* v. *Corrigan*, 347 F.3d 57, 64 (3d Cir. 2003), cert. denied, 524 U.S. 937 (2004) (backbone of an agency's effectiveness in carrying out duties of regulation is the rapid exercise of the power to investigate the activities of the entities over which it has jurisdiction; judicial supervision of agency decisions to investigate might hopelessly entangle courts in areas that would prove unmanageable).

We need not determine the scope of permissible discovery. What is clear is that, here, the judge did not abuse his discretion in issuing the protective order. The defendant had been given sufficient information to know that the procedural requirements of G. L. c. 268B, § 4(*a*) and (*d*), had been met. Doe had made no preliminary showing, let alone allegations, of bad faith, harassment, or other reason to question the validity of the summons. See *United States* v. *Powell*, 379 U.S. 48, 58 (1964); *United States* v. *Church of Scientology of Cal.*, 520 F.2d 818,

824 (9th Cir. 1975) (party resisting enforcement required to do more than *allege* an improper purpose before discovery granted); *United States* v. *Comley,* 890 F.2d at 543. Moreover, as indicated earlier, see note 2, *supra,* the defendant on appeal explicitly states that she "does not contest on appeal the reasonableness of the narrowed subpoena."

In conclusion, we affirm the judgment ordering compliance with the summons of the commission as narrowed, and we also affirm the protective order providing that "no discovery be allowed in this civil action during the preliminary inquiry phase of the proceedings."

*So ordered.*